**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL
ON SIGNATURE PAGE]

*Attorneys for Plaintiff,*
Suzanne Alaei

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SUZANNE ALAEI, Individually
And On Behalf Of All Others
Similarly Situated,

Plaintiff,

v.

H.J. HEINZ COMPANY, L.P.,
and KRAFT HEINZ FOODS
COMPANY,

Defendants.

Case No.:  3:15-cv-02961-MMA-DHB

CLASS ACTION

FIRST AMENDED COMPLAINT
FOR VIOLATIONS OF:

1) BUSINESS & PROFESSIONS
   CODE § 17533.7 (CALIFORNIA
   FALSE "MADE IN U.S.A."
   CLAIM);

2) BUSINESS & PROFESSIONS
   CODE §§ 17200, ET SEQ.
   (CALIFORNIA UNFAIR
   COMPETITION LAW); AND,

3) CONSUMER LEGAL REMEDIES
   ACT, CAL. CIVIL CODE § 1750
   ET SEQ.

JURY TRIAL DEMANDED

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

FIRST AMENDED COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1. SUZANNE ALAEI (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of H.J. HEINZ COMPANY, L.P. and KRAFT HEINZ FOODS COMPANY (collectively "Heinz" and/or "Defendants") in unlawfully labeling Heinz's consumable consumer packaged goods with the false designation and representation that they are "MFD. In U.S.A." (or some derivative thereof). The unlawfully labeled consumable products are sold online and in various stores throughout the United States. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

> **Simply stated: labels matter**.  The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters.  A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing

the interest of the United States and its industries and workers…" (emphasis added).

3. The "MFD. In U.S.A." claim (or some derivative thereof) is prominently printed on the Defendant's consumable products.[1] Contrary to Defendants' representation and in violation of California law, Defendants' consumable products, including the specific Product purchased by Plaintiff, include foreign ingredients.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Heinz:

   (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b)    does substantial business within this district;

   (c)    is subject to personal jurisdiction in this district because it has

---

[1] Plaintiff seeks class wide relief on behalf of all purchasers of any Heinz products that are substantially similar, as in consumable consumer packaged goods, to the Product purchased by Plaintiff and labeled as "MFD. In U.S.A.," or some derivative thereof, that are foreign-made or incorporates foreign-made components (in violation of California law), not only the specific Product purchased by Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

availed itself of the laws and markets within this district; and,

(d)    the harm to Plaintiff occurred within this district.

### PARTIES

6. Plaintiff is an individual residing in the County of San Diego, State of California.

7. H.J. Heinz Company, L.P. is a limited partnership that is organized and exists under the laws of the State of Delaware, with a principal place of business in the State of Pennsylvania.

8. H.J. Heinz Company, L.P. claims on its website that it is one of the world's leadings producers of healthy, convenient foods for every eating occasion.

9. Kraft Heinz Foods Company is a corporation that is organized and exists under the laws of the State of Pennsylvania, with a principal place of business in the State of Pennsylvania.

10. Kraft Heinz Foods Company claims on its website that the Kraft Heinz Company provides high quality, great taste and nutrition for all eating occasions whether at home, in restaurants on the go.

11. Upon information and belief, H.J. Heinz Company, L.P. and Kraft Heinz Foods Company agreed to merge or have merged in the year 2015.

12. Heinz is an American conglomerate that manufactures and/or distributes various products, including consumable consumer packaged goods such as sauces and condiments. Heinz conducts business through Internet sales and enjoys wide retail distribution at numerous stores within the United States. One of the consumable products sold by Heinz is the Product purchased by Plaintiff.

13. The mislabeled Product is available at numerous stores within the United States, including California.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Heinz manufactures, markets and/or sells various consumable consumer packaged goods such as sauces and condiments that have been and are currently still represented as "MFD. In U.S.A." (or some derivative thereof). Heinz makes these representations on the consumable products themselves, including the Product purchased by Plaintiff.

16. Contrary to the representation on the products' labels, Defendants' products are wholly and/or substantially manufactured or produced with components that are manufactured, grown and/or sourced outside of the United States.

17. Based upon information and belief, the offending Product purchased by Plaintiff contains foreign ingredients.

18. Based upon information and belief, the offending Product purchased by Plaintiff, and presumably all of Defendant's products that are substantially similar and contain foreign ingredients, are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "MFD. In U.S.A." representations (or some derivative thereof) ("Class Product/s").

19. Heinz marketed, and continue to market, and represent to the general public via its Class Products' labels that Defendants' products are "MFD. In U.S.A." As such, Defendants fraudulently concealed, and continue to conceal, the material facts at issue in this matter by misrepresenting to the general public the true source of the component parts in the offending Class Products. Heinz possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

20. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the United States are in fact manufactured in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods, produced under American standards and laws, while supporting American companies and American jobs.

21. Consumers generally believe that "MFD. In U.S.A." products are of higher quality than their foreign-manufactured counterparts and that they are produced under higher standards, including, but not limited to, higher environmental and labor laws. Due to Heinz's scheme to defraud the market, members of the general public were fraudulently induced to purchase Heinz's products at inflated prices.

22. On information and belief, Defendants charged excess monies for its Class Products, including the Product purchased by Plaintiff, in comparison to Defendants' competitors during the entirety of the relevant four-year statutory time period, based on the false "MFD. In U.S.A." designation (or some derivative thereof). California laws are designed to protect consumers from such false representations and predatory conduct. Defendants' scheme to defraud consumers for its own self-interest and monetary gain is ongoing and will victimize consumers daily for the foreseeable future unless altered by judicial intervention.

23. In November of 2015, Plaintiff purchased Defendant's Heinz 57 Sauce (the "Product") from an Albertsons grocery store located on 1133 Mission Road in Fallbrook, California. At the time of Plaintiff's purchase, the offending Product was described as manufactured in the U.S.A., when the Product actually was made and/or contained components made outside of the United States. As such, Defendant is not entitled to lawfully make representations that the Product was "MFD. In U.S.A."

24. Plaintiff paid $6.29 for the Product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

25. In making the decision to purchase Defendants' Product, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Heinz and its agents and disseminated through its Class Products' packaging containing the misrepresentations alleged herein. Had Plaintiff been made aware that the Product was not actually "MFD. In U.S.A.," Plaintiff would not have purchased the Product.

26. Plaintiff suffered an "injury in fact" because Heinz took Plaintiff's money as a result of Heinz's false "MFD. In U.S.A" designation set forth on the Product and elsewhere.

27. In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Heinz's "MFD. In U.S.A." representation  (or some derivative thereof) in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendants' actions. Plaintiff believed at the time she purchased the Product that she was purchasing a superior quality product, supporting U.S. jobs and the U.S. economy, and also supporting ethical working conditions.

28. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards.  Foreign made component parts are not subject to the same U.S. standards and as a result can be potentially much more dangerous to consumers, especially when ingested like Defendants' consumable products. Further, foreign made component parts are also generally of lower quality than their U.S. made counterparts, and routinely less reliable and less durable than their U.S. made counterparts.

29. Consequently, Defendants' Class Products containing the foreign ingredients, including the Product purchased by Plaintiff, are of inferior quality, potentially more dangerous and less reliable, as Defendants falsely represented that these products are "MFD. In U.S.A." This results in lower

overall customer satisfaction than if the products were truly "MFD. In U.S.A." and/or consisting of component parts made in the United States.

30. On information and belief, Defendants' products containing the foreign ingredients, including the Product purchased by Plaintiff, are not worth the purchase price paid by Plaintiff and putative Class members. The precise amount of damages will be proven at the time of trial, in large part, by expert testimony.

31. Defendants' products contain various amounts of turmeric, tamarind extract, and jalapenos, among other ingredients in Defendants' products, are not from the United States.

32. Plaintiff and Class members were injured as a result of Heinz's false "MFD. In U.S.A." representations that are at issue in this matter.

33. As of the filing of this First Amended Complaint, Defendants have not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which demand letter was mailed to Defendants on December 11, 2015 via United States Postal Service return receipt requested.

### CLASS ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

35. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendants and each of them, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

36. Plaintiff represents, and is a member of the California Class ("the Class") consisting of:

> All persons within California who purchased one or more of Defendants' consumable consumer packaged good products regardless of brand under which Defendants marketed the product, that were advertised with "MFD.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

In U.S.A." (or some derivative thereof), that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

37. The "Class Period" means four years prior to the filing of the Complaint in this action.

38. *Ascertainability.* Heinz and its employees and/or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the State of California. Because of the nature of Defendants' products, Defendants and Defendants' distributors must keep detailed and accurate records of distribution in order to accurately and effectively execute a recall if so ordered by the Food and Drug Administration or any other organization. Therefore, the members of the Class are ascertainable through Defendants' records and/or Defendants' agents' records regarding retail and online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

39. *Numerosity*. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for the aforementioned Class because the members of the Class are so numerous and geographically disbursed that joinder of all Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

40. *Existence and Predominance of Common Questions of Law and Fact*. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

affect individual Class members, satisfying the requirement of Fed. R. Civ. P., Rule 23(a)(2), including, but not limited to, the following:

    a.  Whether Defendants committed the wrongful conduct alleged herein;

    b.  Whether Defendants' acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c.  Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendants' conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages;

    d.  Whether Defendants' other products contain the same of substantially similar false representations;

    e.  Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

41. ***Typicality***. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims.  Plaintiff and members of the Class also sustained damages arising out of Defendants' common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

42. ***Adequacy of Representation***. As a person who purchased one or more of Defendants' products, that were advertised with "MFD. In U.S.A." (or some derivative thereof), but contain foreign-made ingredients and/or composed of foreign-made component parts, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California

Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

43. ***Superiority***. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Heinz to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Heinz is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability. Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

44. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. Plaintiff and members of the putative Class have suffered "injury in fact" and have lost money or property as a result of Defendants' unfair competition, as more fully set forth herein. Plaintiff and members of the putative Class have been injured as they relied on Defendants' intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for Defendants' Class Products. Plaintiff and members of the Class have been injured, as had they been made aware that the product was not actually "MFD. In U.S.A.," they would not have purchased the product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

In other words, Plaintiff and members of the Class would not have purchased Defendants' Class Products, but for the "MFD. In U.S.A." representations (or some derivative thereof) on Defendants' products' labels.

46. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a representative class action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could not afford to seek legal redress for the wrongs complained of herein. Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendants. Thus, the proposed Class satisfy the requirements of Fed. R. Civ. P., Rule 23(b)(1).

47. Heinz has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate. Thus, certification is proper under Fed. R. Civ. P. Rule 23(b)(2).

48. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions presented in this action. Thus, the predominance requirement of Fed. R. Civ. P. Rule 23(b)(3) is satisfied.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Heinz to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Heinz is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability. Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

**FIRST CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE**

**BUS. & PROF. CODE, SECTION 17533.7**

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

51. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

52. Heinz violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "MFD. In U.S.A." country of origin designation (or some derivative thereof) as fully set forth herein. The

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

products at issue in this matter are wholly and/or substantially manufactured outside of the United States and/or contain ingredients that are manufactured outside of the United States in violation of California law.

53. On information and belief, Defendants' violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendants' self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendants committed these acts knowing the harm that would result to Plaintiff and Defendants engaged in such unfair and deceptive conduct notwithstanding such knowledge.

54. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Heinz as a result of Heinz' false "MFD. In U.S.A." representations set forth on their products.

55. As a direct and proximate result of Defendants' violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendants by Plaintiff and the Class relating to the false "MFD. In U.S.A." representations (or some derivative thereof) set forth on the Defendants' products.

56. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

57. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

58. Plaintiff and Defendants are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions

Code § 17204 authorizes a private right of action on both an individual and representative basis.

59. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

60. By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200 et seq.

## A. "Unlawful" Prong

61. Beginning at a date currently unknown through the time of this First Amended Complaint, Heinz has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Heinz's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

## B. "Unfair" Prong

62. Beginning at a date currently unknown and continuing up through the time of this First Amended Complaint, Heinz has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging in conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Heinz's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

63. Alternatively, Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Heinz's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

64. Alternatively, Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Heinz's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A.;" wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### C. "Fraudulent" Prong

65. Beginning at a date currently unknown and continuing up through the time of this First Amended Complaint, Heinz engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq, by manufacturing, distributing, and/or marketing Defendants' products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

66. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

### D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

67. Defendants' advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendants' products are "MFD. In U.S.A." and that therefore they are of superior quality and workmanship, and that they were produced according to U.S. standards and laws when in fact they are not entirely "MFD. In U.S.A."

68. Plaintiff, a reasonable consumer, and the public would be likely to be, and, in fact were, deceived and mislead by Defendants' advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products were actually entirely manufactured by Defendants in the USA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

69. Defendants' unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendants continues to engage in unlawful conduct resulting in harm to consumers.

70. Defendants engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendants' self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

71. Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

72. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendants received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

73. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent conduct described herein, Defendants have been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendants based on Defendants' fraudulent "MFD. In U.S.A." representations when Defendants' products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

74. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MFD. In U.S.A." representations set forth on the Defendants' products.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

75. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE SECTION 1750, ET SEQ.

76. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

77. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

78. Defendants' products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

79. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

80. Each of Plaintiff's and the Class members' purchases of Defendants' products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

81. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> [m]isrepresenting the source, sponsorship, approval, or certification of goods or services,
> [u]sing deceptive representations or designations of geographic origin in connection with goods or services,
> [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have …,
> [r]epresenting that goods or services are of a particular standard, quality, or grade… if they are of another, [and]
> [a]dvertising goods or services with intent not to sell them as advertised."

82. Defendants violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its products are "Made In The USA" (or some derivative thereof) when they actually contain foreign-made or manufactured ingredients.

83. On information and belief, Defendants' violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit.

84. On information and belief, Defendants committed these acts knowing the harm that would result to Plaintiff, and Defendants engaged in such unfair and deceptive conduct notwithstanding such knowledge.

85. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MFD. In The USA" representations set forth on Defendants' actual products.

FIRST AMENDED COMPLAINT                    19 OF 21

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

86. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendants violated the Consumer Legal Remedies Act.

87. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

88. Plaintiff served a letter pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1782 on Defendants and their agent for service on or about December 11, 2015.

89. As of the date of the filing of this First Amended Complaint, Defendants have not complied with Plaintiff's demands outlined in the letter to Defendants (*see* ¶ 33 above).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants and each of them:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;

- That the Court certify Plaintiff to serve as the Class representative in this matter;

- That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendants have been unjustly enriched;

- That Defendants be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law;

---

- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 1780 and Cal. Civ. Code § 3294; and,

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

90. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.

Dated: January 19, 2016                           Respectfully submitted,

                                                  **KAZEROUNI LAW GROUP, APC**

                                                  By:___/s/ ABBAS KAZEROUNIAN_____ _
                                                          ABBAS KAZEROUNIAN, ESQ.
                                                          ATTORNEYS FOR PLAINTIFF

ADDITIONAL PLAINTIFF'S COUNSEL

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626