1   WILSON TURNER KOSMO LLP
    VICKIE E. TURNER (106431)
2   MERYL C. MANEKER (188342)
    ROBERT K. DIXON (262252)
3   MARK A. REIN (292437)
    550 West C Street, Suite 1050
4   San Diego, California 92101
    Telephone: (619) 236-9600
5   Facsimile: (619) 236-9669
    E-mail: vturner@wilsonturnerkosmo.com
6   E-mail: mmaneker@wilsonturnerkosmo.com
    E-mail: rdixon@wilsonturnerkosmo.com
7   E-mail: mrein@wilsonturnerkosmo.com

8   Attorneys for Defendant
    THE KRAFT HEINZ FOODS COMPANY
9   (erroneously sued as Kraft Heinz Foods
    Company)

10

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13  SUZANNE ALAEI, Individually And On        Case No. 3:15-cv-02961-MMA-DHB
    Behalf Of All Others Similarly Situated,
14                                            **DEFENDANT THE KRAFT**
                 Plaintiff,                   **HEINZ FOODS COMPANY'S**
15                                            **MEMORANDUM OF POINTS**
         v.                                   **AND AUTHORITIES IN**
16                                            **SUPPORT OF ITS MOTION TO**
    H.J. HEINZ COMPANY, L.P., and             **DISMISS PLAINTIFF SUZANNE**
17  KRAFT HEINZ FOODS COMPANY,                **ALAEI'S FIRST AMENDED**
                                              **COMPLAINT**
18               Defendants.
                                              Date:        March 28, 2016
19                                            Time:        2:30 p.m.
                                              Courtroom:   3A
20
                                              District Judge:   Hon. Michael M. Anello
21                                            Magistrate Judge: Hon. David H. Bartick
22

23

24

25

26

27

28
    ────────────────────────────────────────
                                              No. 3:15-cv-02961-MMA-DHB
    DEFENDANT THE KRAFT HEINZ FOODS COMPANY'S MEMORANDUM OF
    POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS
    PLAINTIFF SUZANNE ALAEI'S FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................... 1

II.  PROCEDURAL AND FACTUAL BACKGROUND ................................... 2

    A.   Procedural History .......................................................................... 2

    B.   The Product Allegations Are Vague ................................................ 3

III. ARGUMENT ............................................................................................. 4

    A.   Legal Standard ................................................................................ 4

        1.   Federal Rule Of Civil Procedure Rule 9(b) .............................. 4

        2.   Federal Rule Of Civil Procedure 12(b)(1) ................................ 5

        3.   Federal Rule Of Civil Procedure 12(b)(6) ................................ 5

    B.   Alaei Has Not Plead Her Claims With The Requisite
        Particularity Required by Rule 9(b) ................................................ 6

    C.   Alaei's Claims Based On Products Other Than Heinz 57 Must
        Be Dismissed ................................................................................... 8

        1.   Alaei Lacks Standing To Assert Claims For Products She
            Did Not Purchase ..................................................................... 8

        2.   Alaei Cannot Assert Claims Based On Unpurchased
            Products Because She Has Failed to Identify Any
            Substantially Similar Other Products ..................................... 10

    D.   Alaei Lacks Standing To Seek Injunctive And Declaratory
        Relief ............................................................................................. 13

    E.   The CLRA Cause Of Action Must Be Dismissed As Alaei
        Failed To File The Venue Affidavit Required By The Statute .......... 15

IV.  CONCLUSION ....................................................................................... 17

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Algarin v. Maybelline, LLC,*
    300 F.R.D. 444 (S.D. Cal. 2014)..................................................14

*Anderson v. Jamba Juice Co.,*
    888 F. Supp. 2d 1000 (N.D. Cal. 2012) ......................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................6, 8

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
    2012 U.S. Dist. LEXIS 101371 (N.D. Cal. July 20, 2012)..........10

*Augustine v. Natrol Prods.,*
    2014 U.S. Dist. LEXIS 76777 (S.D. Cal. May 15, 2014)...............4

*Bates v. United Parcel Serv., Inc.,*
    511 F.3d 974 (9th Cir. 2007).......................................................13

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................6, 8

*Cafasso v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011).......................................................5

*Cattie v. Wal-Mart Stores, Inc.,*
    504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................14

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) ......................................................................13

*Cortina v. Goya Foods, Inc.,*
    94 F. Supp. 3d 1174 (S.D. Cal. 2015) ........................................10

*Daniels-Hall v. National Educ. Ass'n,*
    629 F.3d 992 (9th Cir. 2010).........................................................6

*Davidson v. Kimberly-Clark Corp.,*
    76 F. Supp. 3d 964 (N.D. Cal. 2014)...........................................14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,*
    528 U.S. 1671 (2000) ....................................................................5

*Garrison v. Whole Foods Mkt. Group, Inc.,*
    2014 U.S. Dist. LEXIS 75271 (N.D. Cal. June 2, 2014) .......14, 15

*Greater Los Angeles Council on Deafness v. Zolin,*
    812 F.2d 1103 (9th Cir. Cal. 1987)........................................14, 15

*Ham v. Hain Celestial Group, Inc.,*
    70 F. Supp. 3d 1188 (N.D. Cal. 2014) ........................................14

*Heinemann v. Copperhill Apts.,*
    2007 U.S. Dist. LEXIS 55298 (E.D. Cal. July 31, 2007) ..............6

*In re ConAgra Foods, Inc.,*
    302 F.R.D. 537 (C.D. Cal. 2014) ................................................14

*Johns v. Bayer Corp.*,
    2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb. 9, 2010) ................................9
*Kane v. Chobani*
    2013 U.S. Dist. LEXIS 134385 (N.D. Cal. Sept. 19, 2013).........................11
*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)..................................................................4, 5
*Kimball v. Wash. Mut. Bank*,
    2010 U.S. Dist. LEXIS 109387 (S.D. Cal. Apr. 15, 2010) ............................5
*Larsen v. Trader Joe's Co.*,
    2012 U.S. Dist. LEXIS 162402 (N.D. Cal. June 14, 2012) ...........................9
*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................5, 8
*Manriquez v. Huchins*,
    2010 U.S. Dist. LEXIS 92190 (E.D. Cal. Sept. 2, 2010) .............................15
*Mason v. Nature's Innovation, Inc.*,
    2013 U.S. Dist. LEXIS 68072 (S.D. Cal. May 13, 2013) .............................13
*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008).......................................................................6
*Miller v. Ghirardelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) ........................................................10
*Morgan v. Wallaby Yogurt Co.*,
    2014 U.S. Dist. LEXIS 34548 (N.D. Cal. Mar. 13, 2014) ...........................14

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001);........................................................................6
*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ....................................................................................13
*Oxina v. Lands' End, Inc.*,
    2015 U.S. Dist. LEXIS 94847 (S.D. Cal. June 18, 2015).......................10, 11
*Pratt v. Whole Foods Mkt. Cal., Inc.*,
    2014 U.S. Dist. LEXIS 46409, 25 (N.D. Cal. Mar. 31, 2014) .......................4
*Rahman v. Mott's LLP*,
    2014 U.S. Dist. LEXIS 147102 (N.D. Cal. Oct. 14, 2014) ..........................14
*Silcox v. State Farm Mut. Auto. Ins. Co.*,
    2014 U.S. Dist. LEXIS 176297 (S.D. Cal. Dec. 22, 2014) ............................4
*Smedt v. Hain Celestial Group, Inc.*,
    2013 U.S. Dist. LEXIS 116592 (N.D. Cal. Aug. 16, 2013) ...........................4
*Smedt v. Hain Celestial Group, Inc.*,
    2014 U.S. Dist. LEXIS 74291 (N.D. Cal. May 30, 2014) ..............................9
*Thompson v. McCombe*,
    99 F.3d 352 (9th Cir. 1996).........................................................................5

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

*TrafficSchool.com, Inc. v. Edriver Inc.*,
    653 F.3d 820 (9th Cir. 2011) ........................................................ 9
*Trazo v. Nestlé USA, Inc.*,
    2013 U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9, 2013) ........................... 12
*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................ 4, 5, 7
*Waller v. Hewlett-Packard Co.*,
    2011 U.S. Dist. LEXIS 145276 (S.D. Cal. Dec. 16, 2011) ......................... 16
*Wilson v. Frito-Lay N. Am.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ......................................... 11


**State Cases**

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ............................................................ 9
*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (2003) ..................................................... 8

**Statutes**

California Business & Professions Code section 17200 ............................... 3
California Business & Professions Code section 17203 .............................. 16
California Civil Code section 1780 ................................................ 16
California Civil Code section 1780(d) ......................................... 15, 16

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .......................................... 5
Federal Rule of Civil Procedure 12(b)(6) ....................................... 5, 6
Federal Rule of Civil Procedure 9(b) .......................................... 4, 7, 8

## I.  **INTRODUCTION**

In this putative class action, Plaintiff Suzanne Alaei ("Plaintiff" or "Alaei") alleges that she purchased a bottle of Heinz 57 Sauce ("Heinz 57") made by Defendant The Kraft Heinz Foods Company ("Defendant" or "Kraft") and, based solely on her "information and belief," claims it contains some unspecified "foreign ingredients," which she contends is inconsistent with the "MFD.  In U.S.A." designation on the label, made in small print on the back of the bottle.  (First Amended Complaint ("FAC") ¶¶ 17-18.) [1]  Alaei further alleges that she only purchased one bottle of Heinz 57, but she nevertheless seeks to represent a putative class of "all purchasers of any Heinz products that are substantially similar, as in consumable consumer packaged goods, to the [Heinz 57] purchased by Plaintiff and labeled as 'MFD. In U.S.A.,' …, not only the specific [Heinz 57]" she bought, without ever articulating what these "substantially similar… goods" are.  (FAC ¶ 3 n.1)

However, Plaintiff does not plead any specific factual allegations to support her contention that Heinz 57 contains foreign ingredients or components.  Rather, she merely asserts conclusory accusations that Defendant allegedly falsely labeled Heinz 57.  The fact that she does not plead her claims with specificity is fatal to her case.

Alaei's specific causes of action, brought under three California consumer protection provisions, are equally defective.  *First*, Alaei cannot be injured by what she did not buy.  Specifically, unless Alaei actually bought all of the "consumable consumer packaged goods," which are allegedly at issue, she cannot prove that she suffered any injury in fact with respect to those products and, thus, lacks the requisite Article III standing necessary to pursue her claims.  *Second*, even if allowed to pursue claims for "substantially similar" products, Alaei's allegations are entirely conclusive.  However, nowhere in her FAC does Alaei:  (i) identify the name(s) of the other

---

[1] *See* the Label for  5 oz. bottle of Heinz 57 Sauce, attached as Exh. 1 to the Request for Judicial Notice ("RJN"); *see also* Declaration of Meryl C. Maneker ("Maneker Decl.") ¶ 3, which are concurrently filed herewith.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

"consumable consumer packaged goods" that are allegedly falsely labeled, or (ii) identify the alleged foreign ingredients in Heinz 57 that presumably are in the "similar" products.

Similarly, Alaei's claims for injunctive and declaratory relief fail because she does not (and she cannot) allege she likely will suffer imminent future harm, a requirement for Article III standing.  Further, Alaei's Consumer Legal Remedies Act claim fails because she did not file the requisite venue affidavit with either her original or her amended complaint.  For the foregoing reasons, the Court should grant Kraft's motion and dismiss the FAC in its entirety.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A.   Procedural History

Alaei filed her initial Complaint against Defendant and H.J. Heinz Company, L.P. on December 31, 2015.  (Dkt. No. 1.)  Defendant was served on January 4, 2016.  (Dkt. No. 5.)  Alaei filed the FAC against the same defendants on January 19, 2016.  (Dkt. No. 6.)  Alaei and Defendant subsequently reached an agreement in which counsel for Defendant accepted service of the FAC, and the parties extended the deadline to February 22, 2016 for Defendant to respond to the FAC.  (Dkt. No. 7.)  The Court granted the parties' Joint Motion to Extend Time for Defendant to Respond to the FAC on January 25, 2016.  (Dkt. No. 8.)  In addition, Alaei voluntarily dismissed H.J. Heinz Company, L.P. on January 28, 2016 as it was an improper party to this action.  (Dkt. No. 9.)

Alaei brings this action individually and "on behalf of all others similarly situated" in "California who purchased one or more of Defendants' consumable consumer packaged good products *regardless of brand* under which Defendants marketed the product, that were advertised with 'MFD. In U.S.A.' (or some derivative thereof), that were foreign-made and/or composed of foreign-made component parts." (FAC ¶¶ 35-36 [emphasis added].)

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1    Alaei asserts three causes of action.  *First,* Alaei asserts a claim for violation of

2    California's Business and Professions Code section 17533.7 ("Made in the USA

3    Claim").  (FAC ¶¶ 51-56.)  *Second*, Alaei asserts a claim for alleged violations of

4    California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §17200, *et*

5    *seq*.).  (FAC ¶¶ 57-75.)  *Third*, Alaei asserts a claim for alleged violations of

6    California's Consumer Legal Remedies Act ("CLRA").  (FAC ¶¶ 76-89.)  Alaei seeks

7    restitution for the amounts by which Defendant has "been unjustly enriched,"

8    injunctive relief, attorney's fees, costs, interest, "[e]xemplary and/or punitive damages

9    for intentional misrepresentations…," a declaration that Defendant violated the

10   consumer protection statutes on which her claims rely, and "other and further relief as

11   the Court may deem just and proper."  (FAC, Prayer for Relief.)

12   **B.    <u>The Product Allegations Are Vague</u>**

13   Alaei allegedly purchased Heinz 57 for $6.29 from an Albertsons grocery store

14   in November 2015.  (FAC ¶¶ 23-24.)  According to Alaei the statement referenced on

15   the label on the back of the bottle:  "MFD.  In U.S.A." is incorrect as the product "was

16   made and/or contains components from outside of the United States."  (FAC ¶¶ 3 n.1

17   and 23-24.)  While Alaei repeatedly alleges that Heinz 57 contains unidentified

18   "foreign ingredients," (*see, e.g., id.* ¶ 17), she does not specifically identify any such

19   ingredients or the basis for her claim they are "foreign."  (*See generally*, FAC.)  Based

20   on these sparse allegations, Alaei claims Defendant unlawfully designated that Heinz

21   57 was "MFD. In U.S.A."  (*Id.* ¶ 23.)

22   In addition, Alaei alleges that Defendant manufactures and sells other,

23   unspecified "consumable consumer packaged goods such as sauces and condiments

24   that have been and are currently still represented as 'MFD. In U.S.A.' (or some

25   derivative thereof)," even though these products are allegedly manufactured outside

26   the United States or contain foreign-sourced ingredients or components.  (*Id.* ¶¶ 15-

27   16.)  However, Alaei does not claim to have purchased any of these other unspecified

28   "consumable consumer packaged goods."  (*See generally,* FAC.)  In fact, the FAC

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1   does not name any of these other "consumable consumer packaged goods."  (*Id.*)

2   Alaei also alleges that these unnamed products contain unspecified foreign

3   ingredients.  (*Id.* ¶ 18.)  Despite these vague and extremely overbroad allegations,

4   Alaei then asserts—relying solely upon her information and belief and without

5   alleging any specific facts—that Heinz 57 and the unidentified "consumable consumer

6   packaged goods," are "substantially similar," and constitute the "Class Product/s" at

7   issue.  (*Id.* ¶¶ 18 and 3 n.1.)

8   **III.   ARGUMENT**

9      **A.   Legal Standard**

10        **1.   Federal Rule Of Civil Procedure Rule 9(b)**

11        Fraud-based claims, such as those brought under California's UCL and CLRA,

12   are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules

13   of Civil Procedure ("Rule 9(b)").  *See, e.g., Vess v. Ciba-Geigy Corp. USA,* 317 F.3d

14   1097, 1102-1105 (9th Cir. 2003) (Rule 9(b) applies to claims "grounded in fraud"

15   even if elements of fraud need not be established to state a claim; allegations of

16   fraudulent conduct need be pleaded with particularity); *Kearns v. Ford Motor Co.*,

17   567 F.3d 1120, 1124-27 (9th Cir. 2009) (holding that California's UCL claims are

18   subject to Rule 9(b) pleading standards); *Pratt v. Whole Foods Mkt. Cal., Inc.*, 2014

19   U.S. Dist. LEXIS 46409, 25 (N.D. Cal. Mar. 31, 2014) ("For all claims under the

20   UCL that arise from deceptive advertising, as Plaintiff's claims here do, Plaintiff must

21   plead reliance sufficient to meet Rule 9(b) and show that 'members of the public are

22   likely to be deceived.')" (internal citations omitted); *Augustine v. Natrol Prods.,* 2014

23   U.S. Dist. LEXIS 76777, *7 (S.D. Cal. May 15, 2014); *Silcox v. State Farm Mut.*

24   *Auto. Ins. Co.,* 2014 U.S. Dist. LEXIS 176297, *10 (S.D. Cal. Dec. 22, 2014); *Smedt*

25   *v. Hain Celestial Group, Inc.,* 2013 U.S. Dist. LEXIS 116592, *12-13 (N.D. Cal. Aug.

26   16, 2013).

27        Rule 9(b) requires that an allegation of "fraud or mistake must state with

28   particularity the circumstances constituting fraud."  Fed. R. Civ. Proc. 9(b).  The

-4-                  No. 3:15-cv-02961-MMA-DHB

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

"circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity.  *Vess*, 317 F.3d at 1106.  Under Rule 9(b), fraud-based claims "must be pled with more particularity than other claims.  A claim for fraud must 'be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kimball v. Wash. Mut. Bank*, 2010 U.S. Dist. LEXIS 109387, *31 (S.D. Cal. Apr. 15, 2010) (quoting *Kearns*, 567 F.3d, 1120 (9th Cir. 2009)); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading" about the statement and why it is false.)

### 2.    Federal Rule Of Civil Procedure 12(b)(1)

A complaint may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).  In analyzing a Rule 12(b)(1) motion, the court must determine whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution.  To satisfy Article III standing, a plaintiff must allege:  (1) an injury in-fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

### 3.    Federal Rule Of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff plead her claims with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1  U.S. 544, 555 (2007) (citations omitted).  In addition, the complaint's "[f]actual

2  allegations must be enough to raise a right to relief above the speculative level."  *Id.*

3         A complaint does not satisfy this requirement if it fails to state a claim upon

4  which relief can be granted.  Fed. Rule of Civ. Proc. § 12(b)(6) ("Rule 12(b)(6)").  It

5  is appropriate to dismiss a complaint, pursuant to Rule 12(b)(6), if "there is no

6  cognizable legal theory," or there is "an absence of sufficient facts alleged to support a

7  cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001);

8  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus,

9  to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant

10  with fair notice of the claim's basis, but must also establish that the requested relief is

11  plausible on its face.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also*

12  *Twombly*, 550 U.S. at 555.

13         "Determining whether a complaint states a plausible claim of relief" is a

14  "context-specific task that requires the reviewing court to draw on its judicial

15  experience and common sense."  *Iqbal*, 556 U.S. at 679 (citations omitted).  While the

16  court assumes that the complaint's factual allegations are true, and construes them in

17  favor of the non-moving party, it is not "required to accept as true … allegations that

18  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

19  *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  In addition,

20  pleadings are not a license to sue and go fishing on the hopes that discovery will turn

21  up a violation.  *See Heinemann v. Copperhill Apts.*, 2007 U.S. Dist. LEXIS 55298, *3

22  (E.D. Cal. July 31, 2007) ("Rule 8(a) does not permit plaintiff to file a boilerplate

23  complaint containing generalized allegations … in order to justify a fishing expedition

24  into potential violations...").

25    **B.    Alaei Has Not Plead Her Claims With The Requisite Particularity**

26          **Required by Rule 9(b)**

27         By asserting that the "MFD. In U.S.A." reference on the back label of Heinz 57

28  constitutes "unfair, deceptive, untrue or misleading advertising" (or some derivative

1   thereof), Alaei must meet the stringent requirements of Rule 9(b).  (FAC ¶ 60; *see*

2   *also id.* ¶¶ 53 and 81-82.)  Thus, to satisfy the Rule 9(b) particularity requirement, the

3   FAC must include the "who, what, when, where, and how" for the allegedly false

4   "MFD. In U.S.A." statement.  *Vess*, 317 F.3d at, 1106.

5           However, Alaei provides no facts that would establish that the designation

6   "MFD. In U.S.A." is false or misleading.  Plaintiff has not even attempted to plead the

7   specific ingredients in Heinz 57—let alone the specific foreign ingredients allegedly

8   contained therein.  Similarly, the FAC is silent as to the specific alleged foreign

9   ingredients in the "consumable consumer packaged goods."  (*See generally* FAC.)  In

10  other words, Alaei fails to state *what* ingredients are in Heinz 57 and *what* ingredients

11  are allegedly foreign-sourced.  Indeed, Plaintiff's central allegations regarding foreign

12  ingredients are bare bones and made solely and entirely "upon information and

13  belief."  (FAC ¶¶ 17-18.)

14          While Alaei asserts "Defendant's products contain various amounts of turmeric,

15  tamarind extract, and jalapenos, among other ingredients," which allegedly "are not

16  from the United States," she does not allege that Heinz 57 contains these ingredients,

17  or that these are the foreign ingredients at issue.  (FAC ¶ 31.)  In fact, tamarind extract

18  and jalapenos are not ingredients of Heinz 57.  (*See* Exh. 1 to RJN, the Label for 5 oz.

19  bottle of Heinz 57 Sauce.)

20          Further, this is the only allegation in the entire 22-page FAC that even

21  addresses specific ingredients, yet this allegation is devoid of any facts that would

22  establish the ingredients "are not from the United States." (*See* FAC ¶ 31.)[2]  Stated

23  differently, Alaei fails to state (i) *what* foreign ingredients are at issue, (ii) *where* these

24  alleged ingredients are from, and (iii) *how* turmeric, tamarind extract, and jalapenos

25

26

27  [2] For example, Alaei's FAC is entirely vague as to whether she contends jalapenos,
    are grown outside the United States or simply not "from" the United States as they

28  widely viewed as originally from Mexico.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1  make the "MFD. In U.S.A." statement on Heinz 57 false, especially since two of these

2  ingredients are not in Heinz 57.

3     The Court should not accept as true Alaei's allegation with respect to the

4  foreign ingredients because it is nothing more than a "bare assertion." *Twombly*, 550

5  U.S. at 556–557 (holding allegations of parallel conduct by competitors and a bare

6  assertion of "conspiracy" are not sufficient to state a "plausible" claim for unlawful

7  conspiracy in restraint of trade); *Iqbal*, 556 U.S. at 678 ("naked assertions devoid of

8  further factual enhancement" are not entitled to presumption of truth).[3]  Nothing in the

9  FAC suggest Alaei's vague claims about ingredient sourcing are anything other than

10  guesswork.  (*See, e.g.*, FAC ¶¶ 17-18.)  Indeed, the FAC does not allege Alaei has

11  actual knowledge regarding any particular ingredient in Heinz 57. (*See generally*,

12  FAC)  A pleading based on pure speculation not only fails to cross the plausibility

13  threshold, but also falls woefully short of satisfying Rule 9(b)'s heightened standard.

14     The Court should therefore dismiss each of Alaei's claims for failing to meet

15  the requirements of Rule 9(b).

16     **C.    Alaei's Claims Based On Products Other Than Heinz 57 Must Be**
       **Dismissed**

17

18        **1.    Alaei Lacks Standing To Assert Claims For Products She Did**
              **Not Purchase**

19

20     As a plaintiff, Alaei must plead and prove "injury in fact," causation, and

21  redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Injury

22  in fact" requires damage to "a legally protected interest which is (a) concrete and

23  particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Id.*

24

25  [3] Without a factual basis for Alaei's contention that Heinz 57 and/or the "consumable
    consumer packaged goods" contain foreign ingredients, her suit is nothing more than

26  an effort to have Defendant prove that its products do not contain foreign ingredients,
    which is impermissible.  *See, e.g., Nat'l Council Against Health Fraud, Inc. v. King*

27  *Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1344–1345 (2003) ("[p]rivate plaintiffs are

28  not authorized to demand substantiation for advertising claims").

                                    -8-           No. 3:15-cv-02961-MMA-DHB

1    (internal citations omitted).  "The UCL and FAL incorporate the Article III standing

2    requirements, but additionally require that the plaintiff plead an economic injury."

3    *Smedt v. Hain Celestial Group, Inc.*, 2014 U.S. Dist. LEXIS 74291, *17 (N.D. Cal.

4    May 30, 2014) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-23

5    (2011); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 n.1 (9th Cir. 2011)

6    ("Plaintiffs filing an unfair competition suit must prove a pecuniary injury . . . and

7    'immediate' causation . . . .").  Alaei cannot satisfy these requirements in this case.

8         Alaei lacks standing to assert claims based on unpurchased products and cannot

9    expand the scope of her case to include unpurchased products because "statutory

10   standing requirements of UCL and CLRA are narrowly prescribed and do not permit

11   … generalized allegations."  *Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 10926, *13

12   (S.D. Cal. Feb. 9, 2010); *see also Larsen v. Trader Joe's Co.,* 2012 U.S. Dist. LEXIS

13   162402, *13-14 (N.D. Cal. June 14, 2012) (finding, as a matter of law, that plaintiffs

14   could not have suffered a particularized injury for products they did not purchase).

15        *Larsen v. Trader Joe's Co.*, is particularly instructive here.  In *Larsen,* the

16   plaintiffs filed a consumer class action including UCL and CLRA claims, and sought

17   class certification for claims related to six specific products.  *Larsen,* 2012 U.S. Dist.

18   LEXIS 162402, at *2-3.  The plaintiffs, however, only purchased five of those

19   products; they did not purchase the Trader Joe's Crescent Rolls.  *Id.*  The defendant

20   moved to dismiss, in part, all of the claims related to Trader Joe's Crescent Rolls.  *Id.*

21   at *3.  As the *Larsen* court explained:

> Plaintiffs do not have standing to bring this claim because
> they did not purchase the Crescent Rolls and therefore, as a
> matter of law, could not have suffered a particularized injury
> as required by Article III.  The claims related to the Crescent
> Rolls are therefore DISMISSED.  Because plaintiffs cannot
> amend to state a claim, the dismissal is with prejudice.

*Id*. at *14.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1    Here, Alaei only alleges that she purchased Heinz 57.  She does not claim to

2  have purchased any other products.  (FAC ¶ 23.)  Nonetheless, Alaei purports to bring

3  a class action challenging an unknown number of Defendant's other "consumable

4  consumer packaged goods."  (*Id.* at ¶¶ 1, 15, 36, and ¶ 3 n. 1.)  However, she cannot

5  expand the scope of her claims to include products she did not purchase.  The

6  statutory standing requirements of the UCL and CLRA are narrowly prescribed and do

7  not permit Alaei's generalized allegations.  Similar to *Larsen*, Alaei's claims related to

8  unpurchased "consumable consumer packaged goods" fail because she could not have

9  suffered a particularized injury as required by Article III.  Alaei, therefore, has no

10  standing under the UCL and CLRA to pursue a claim regarding products other than

11  Heinz 57 Sauce.

12    Accordingly, the Court should dismiss Alaei's claims regarding the

13  unpurchased products, and because she cannot amend to state a claim for the

14  unpurchased products, the dismissal should be with prejudice.

15/16
## 2.    Alaei Cannot Assert Claims Based On Unpurchased Products Because She Has Failed to Identify Any Substantially Similar Other Products

17    Should the Court nonetheless allow Alaei to pursue claims based on products

18  she did not purchase, she must be limited to those "products and alleged

19  misrepresentations [that] are *substantially similar*."  *Miller v. Ghirardelli Chocolate*

20  *Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (emphasis added); *see also Cortina v.*

21  *Goya Foods, Inc.,* 94 F. Supp. 3d 1174, 1198 (S.D. Cal. 2015).  "'[T]he critical

22  inquiry [is] whether there is sufficient similarity between the products purchased and

23  not purchased.'"  *Oxina v. Lands' End, Inc.*, 2015 U.S. Dist. LEXIS 94847, *16 (S.D.

24  Cal. June 18, 2015) (quoting *Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 U.S.

25  Dist. LEXIS 101371 (N.D. Cal. July 20, 2012); *see also Anderson v. Jamba Juice Co.*,

26  888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) ("If there is a sufficient similarity

27  between the products, any concerns regarding material differences in the products can

28  be addressed at the class certification stage.").  To determine "substantial similarity"

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1   courts have considered factors including "whether the challenged products are of the

2   same kind, whether they are comprised of largely the same ingredients, and whether

3   each of the challenged products bears the same alleged mislabeling."  *Wilson v. Frito-*

4   *Lay N. Am.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013).

5          Here, however, Alaei has alleged no facts about what comprises the other

6   products she seeks to include, other than to dub them "consumable consumer

7   packaged goods."  (FAC ¶ 3 n.1.)  Indeed, Alaei has failed to identify any specific

8   product other than Heinz 57.  She has further failed to explain how these unpurchased

9   products are substantially similar to Heinz 57, especially since the FAC is silent as to

10  the alleged foreign ingredients that are purportedly in Heinz 57 and the other

11  unidentified "consumable consumer packaged goods."  In fact, Alaei does not plead

12  any specific factual allegations to support her contention that Heinz 57 contains

13  foreign-sourced ingredients or components.  (*See generally* FAC.)

14         In *Oxina v. Lands' End, Inc.*, the court dismissed a "Made in the USA" claim

15  because the plaintiff only referred to the "other products as 'apparel' even though the

16  term 'apparel' could conceivably encompass hundreds, or even thousands of different

17  types of products, including those presumably made of different materials, and

18  bearing different physical labels than the Necktie purchased by [the] [p]laintiff."

19  *Oxina*, 2015 U.S. Dist. LEXIS 94847 at *17.  As the *Oxina* court explained,

20  "[w]ithout any factual detail as to which 'apparel' products Alaei refers, the Court

21  cannot make a finding that the unpurchased products bear any similarity to Oxina's

22  Necktie."  *Id.* at *19.  Based on these deficiencies, the *Oxina* court dismissed "Oxina's

23  claims regarding products other than the Necktie because her factual allegations are

24  insufficient to establish standing."  *Id.*

25         Similarly, in *Kane v. Chobani* 2013 U.S. Dist. LEXIS 134385, *38 (N.D. Cal.

26  Sept. 19, 2013), the court found that there was no substantial similarity between

27  purchased and unpurchased products because "[a]lthough the alleged

28  *misrepresentations* appear to be similar … Plaintiffs do not allege facts sufficient to

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1  show that the *products* Plaintiffs did not purchase are 'substantially similar' to those

2  that they did." (emphasis in original).  In addition, in *Trazo v. Nestlé USA, Inc.*, 2013

3  U.S. Dist. LEXIS 113534 (N.D. Cal. Aug. 9, 2013), while analyzing the issue as one

4  of typicality, the court dismissed the plaintiffs' UCL and CLRA claims because they

5  required a context-specific analysis of the alleged food products at issue, and

6  "information about the food composition or actual labels that is not presented" in the

7  complaint.  *Id*. at *44.  As the *Trazo* court explained:

8        All of Plaintiffs' claims depend on such context-specific
9        analysis, requiring information about the food composition
          or actual labels that is not presented here.  That information
10       cannot be gleaned from what has been provided, which does
          not even include the names of the products but are mere
11       "categories" of those products…

12

13  *Id*.

14        The deficiencies in Alaei's FAC are virtually identical to the deficiencies

15  identified in *Oxina, Kane*, and *Trazo*.  Here, similar to the unspecified "apparel"

16  products in *Oxina*, Alaei refers to other unpurchased products as other "consumable

17  consumer packaged goods," which could conceivably include thousands of different

18  types of products, including those made with ingredients and labels that are different

19  from the Heinz 57 purchased by Alaei.  In addition, similar to the insufficient product

20  information provided in *Trazo* and *Kane* (e.g., information about the actual labels)*,*

21  Alaei's FAC is devoid of sufficient information about the ingredients in "consumable

22  consumer packaged goods" to show that the product Alaei purchased is "substantially

23  similar" to the product she did not purchase.  In fact, like *Trazo*, the FAC does not

24  reference the name(s) of these other "consumable consumer packaged goods," but

25  instead provides a vague category for the alleged products at issue.

26        Further, it is difficult—if not impossible—to determine from the FAC which

27  specific foreign ingredients are in Heinz 57 and the "consumable consumer packaged

28  goods."  Indeed, Alaei does not even allege the specific ingredients—or even the

-12-        No. 3:15-cv-02961-MMA-DHB

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1    alleged foreign ingredients—in Heinz 57.  (*See generally* FAC.)  Rather, she vaguely

2    asserts that Heinz 57 contains unnamed foreign ingredients and that the other

3    "consumable consumer packaged goods" contain similar unnamed foreign ingredients.

4    (FAC ¶¶ 17-18.)  Simply put, Alaei's allegations regarding foreign ingredients—

5    which are indispensable to her claims—are devoid of facts, and as such, the Court

6    cannot make a finding that the unpurchased products bear any similarity to Heinz 57.

7        **D.    Alaei Lacks Standing To Seek Injunctive And Declaratory Relief**

8            Alaei also lacks standing to pursue the claims for injunctive and declaratory

9    relief in her FAC, because she fails to and cannot allege a reasonable likelihood of

10   future injury from the "MFD. In U.S.A." designation on the Heinz 57 label.  To have

11   standing under Article III to pursue injunctive relief, a plaintiff must allege that a "real

12   or immediate threat" exists that he or she will be wronged again.  *City of Los Angeles*

13   *v. Lyons*, 461 U.S. 95, 111 (1983).  Moreover, the alleged threat cannot be

14   "conjectural" or "hypothetical."  *Lyons*, 461 U.S. at 101-02.  It is well-established that

15   "[p]ast exposure to illegal conduct does not in itself show a present case or

16   controversy regarding injunctive relief . . . if unaccompanied by any continuing,

17   present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also*

18   *Mason v. Nature's Innovation, Inc.*, 2013 U.S. Dist. LEXIS 68072, *11 (S.D. Cal.

19   May 13, 2013) ("[A] plaintiff does not have standing to seek prospective injunctive

20   relief against a manufacturer or seller engaging in false or misleading advertising

21   unless there is a likelihood that the plaintiff would suffer future harm from the

22   defendant's conduct—i.e., the plaintiff is still interested in purchasing the product in

23   question.").  Thus, Alaei must allege that she "is threatened with a 'concrete and

24   particularized' legal harm … coupled with 'a sufficient likelihood that [she] will again

25   be wronged in a similar way.'"  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985

26   (9th Cir. 2007) (*quoting Lyons*, 461 U.S. at 111).

27           A plaintiff's knowledge of allegedly unlawful or misleading conduct deprives

28   her of standing to pursue injunctive relief under Article III, as the plaintiff "cannot

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1   demonstrate a probability of future injury; if they know the 'truth' they cannot be

2   further deceived." *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014)

3   ("These consumers will not benefit from the injunctive relief as they cannot

4   demonstrate a probability of future injury; if they know the 'truth' they cannot be

5   further deceived"); *see also Rahman v. Mott's LLP,* 2014 U.S. Dist. LEXIS 147102,

6   *18-19 (N.D. Cal. Oct. 14, 2014)  ([plaintiff] cannot "plausibly prove that he will, in

7   the future, rely on the [challenged] statement to his detriment."); *Garrison v. Whole*

8   *Foods Mkt. Group, Inc.,* 2014 U.S. Dist. LEXIS 75271, *20 (N.D. Cal. June 2, 2014)

9   (plaintiffs know the products they purchased contained sodium acid pyrophosphate,

10   there is "no danger that they will be misled in the future."); *Ham v. Hain Celestial*

11   *Group, Inc.,* 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) (same); *Morgan v. Wallaby*

12   *Yogurt Co.,* 2014 U.S. Dist. LEXIS 34548, *18-21 (N.D. Cal. Mar. 13, 2014) (same).

13         The same rationale applies here.  Alaei does not allege that she intends to

14   purchase the product again, or that she is still deceived by the alleged false

15   designation on the Heinz 57 label.  *See, e.g.*, *Davidson v. Kimberly-Clark Corp.*, 76 F.

16   Supp. 3d 964, 970 (N.D. Cal. 2014) (dismissing plaintiff's injunctive claims with

17   prejudice where she failed to allege a desire to purchase challenged products in the

18   future); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 575-576 (C.D. Cal. 2014) (same);

19   *see also Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007)

20   (noting that it is unclear how injunctive relief will redress plaintiff's injury where

21   plaintiff knows the truth behind allegedly false advertising).

22         Similarly Alaei's claims for declaratory relief fail.  It is well-settled that Alaei's

23   purported economic injury is unlikely to be redressed by a favorable decision on her

24   injunctive and declaratory relief claims.  *Greater Los Angeles Council on Deafness v.*

25   *Zolin*, 812 F.2d 1103, 1112 (9th Cir. Cal. 1987) ("[d]eclaratory relief should be denied

26   when it will neither aid in clarifying and settling legal relations in issue nor terminate

27   the proceedings and accord the parties relief from the uncertainty and controversy they

28   faced."); *see also Manriquez v. Huchins,* 2010 U.S. Dist. LEXIS 92190, *3 (E.D. Cal.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Sept. 2, 2010) (declaratory relief inappropriate because it "would not serve any prospective purpose because the issues are too fact-specific to be of any use"; in addition, if the case proceeded to trial and returned a verdict in plaintiff's favor, a declaration that defendants had violated plaintiff's rights would be unnecessary.) (citing *Deafness*, 812 F.2d at 1112).

Even if Alaei were to seek to amend her complaint to include allegations that the product labels would likely deceive her in the future, she cannot demonstrate a probability of future injury. In *Garrison*, the named plaintiffs " allege that had they known the Whole Foods products they purchased contained SAPP, they would not have purchased them. Now they know. There is therefore no danger that they will be misled in the future." *Garrison,* 2014 U.S. Dist. LEXIS 75271 at *20. Similarly, Alaei alleges that had she "been made aware that the [Heinz 57] was not actually 'MFD. In U.S.A.,' Alaei would not have purchased [it]." (FAC ¶ 25.) Alaei is therefore barred, like the *Garrison* plaintiffs, from seeking injunctive relief. Now that she believes the Heinz 57 label is inaccurate, there is no danger that she will be misled in the future. In other words, as explained by the *Algarin* court, if Alaei knows the "truth" she cannot be further deceived. Alaei thus fails to demonstrate that she will likely suffer imminent future harm as required for Article III standing.

**E.  The CLRA Cause Of Action Must Be Dismissed As Alaei Failed To File The Venue Affidavit Required By The Statute**

To assert a cause of action under California's Consumer Legal Remedies Act, an affidavit showing that venue is proper must accompany a plaintiff's complaint. Cal. Civ. Code §1780(d). Specifically, section 1780(d) states as follows:

> In any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1
2

       the motion of any party, dismiss the action without prejudice.

3
4
5

Cal. Civ. Code § 1780(d); *see also Waller v. Hewlett-Packard Co.*, 2011 U.S. Dist. LEXIS 145276, *5-6 (S.D. Cal. Dec. 16, 2011) (dismissing plaintiff's CLRA damages claim with prejudice for plaintiff's failure to abide by CLRA notice requirements).

6
7
8
9
10
11

       Here, though Alaei filed two complaints over the course of three weeks, the requisite affidavit regarding venue accompanied neither one. As the CLRA is unequivocally clear that the affidavit must be filed "concurrently with the filing of the complaint," Alaei is barred from seeking any relief under the CLRA. Thus, the Court should dismiss Alaei's CLRA claim with prejudice, which includes her request for punitive damages.[4]

12
13
14
15
16
17
18
19
20
21
22

23
/ / /

24
/ / /

25

26
27
28

[4] The Complaint seeks punitive damages. (FAC, Prayer for Relief.). The only claim that provides for punitive damages is the CLRA claim. Cal. Civ. Code § 1780. The UCL only provides for injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## IV.    **CONCLUSION**

The Court should grant and dismiss the FAC in its entirety because none of Alaei's claims, all of which are fraud based, are plead with the particularly required by Rule 9(b).  In particular, the FAC is devoid of factual allegations to support Alaei's contention that Heinz 57 and/or any "consumable consumer packaged goods" contain foreign ingredients.  The Court also should dismiss Alaei's various causes of action because she does not have standing.  Specifically, Alaei lacks standing to assert any claims based on those "consumable consumer packaged goods" she did not purchase. Alaei also has failed to establish that the product she purchased is substantially similar to those she did not purchase, which is another reason her claims based on other products fails.  Similarly, Alaei's claims for injunctive and declaratory relief must be dismissed because she fails to allege a reasonable likelihood of future injury from the "MFD. In U.S.A." description on Heinz 57.  Finally, Alaei's CLRA claim fails because she has completely failed to file the requisite venue affidavit.

Dated:    February 22. 2016

**WILSON TURNER KOSMO LLP**

By:    s/  *Meryle C. Maneker*
VICKIE E. TURNER
MERYL C. MANEKER
ROBERT K. DIXON
MARK A. REIN
Attorneys for Defendant
THE KRAFT HEINZ FOODS
COMPANY

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS