**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason Ibey, Esq. (SBN: 284607)
Jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Suzanne Alaei

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANNE ALAEI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H.J. HEINZ COMPANY, L.P., and KRAFT HEINZ FOODS COMPANY,<br><br>Defendants. | Case No.: 3:15-cv-02961-MMA-DHB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THE KRAFT HEINZ FOODS COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Judge**: HON. Michael M. Anello |

# PLAINTIFF'S EX PARTE APPLICATION

Plaintiff, Suzanne Alaei ("Plaintiff"), submits this ex parte application to file a sur-reply in opposition to defendant The Kraft Heinz Foods Company's ("Kraft Heinz" or "Defendant") Reply to Motion to Dismiss (Dkt. No. 18).

On March 22, 2015 at approximately 11:37 a.m., Plaintiff's counsel provided a copy, by email, of this ex parte application to defense counsel (in virtually identical form), as well as the proposed sur-reply, and requested defense counsel indicate whether Defendant intends to oppose or not oppose the ex parte application by 3 p.m. on March 23, 2016. Declaration of Jason A. Ibey ("Ibey Decl."), ¶ 4, filed herewith. The parties meet and conferred telephonically at approximately 9:50 a.m. on March 23, 2016. *Id*. at ¶ 5. In the afternoon on March 23, 2016, defense counsel informed Plaintiff's counsel that Defendant intends to oppose the ex parte application. Ibey Decl., ¶ 6.

## I. THE COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE A SUR-REPLY

A *proposed* sur-reply (attached hereto as **Exhibit A**) is necessitated by new arguments, substantial extrinsic evidence, irrelevant evidence, and misleading statements in Kraft Heinz's Reply brief (Dkt. No. 18). Without leave to file a sur-reply, Plaintiff would suffer prejudice, especially now that the Court has taken the motion to dismiss under submission (Dkt. No. 19).

## II. PLAINTIFF SHOULD BE PERMITTED TO RESPOND TO DEFENDANT'S NEW ARGUMENTS IN ITS REPLY BRIEF

"[I]t is generally 'improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief . . . .'" *Ojo v. Farmers Grp., Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) (citation omitted); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("'[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'") (citation omitted); *Lewis v.*

*Gotham Ins. Co.*, No. 09CV252 L(POR), 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) (granting leave to file a surreply in response to arguments raised for the first time in a reply brief; "moving parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of the nonmoving part[ies] and to provide opposing counsel the opportunity to respond").

One of the new arguments in Defendant's Reply, based on Defendant's newly cited *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1272 (2007) case, is that products made or manufactured in the United States are not covered by Cal. Bus. & Prof. Code § 17533.7 even when the products use raw materials acquired from a foreign source. Dkt. No. 18, 4:14-19. A second new argument based on the *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 692 (2006) case cited by Defendant for the first time in its Reply, challenges whether Plaintiff can allege a substantial physical process of transforming raw materials into goods that occurs overseas. Dkt. No. 18, 4:19-21. Defendant may also be making an argument for the first time in the Reply based on *Colgan* that ingredients do not constitute separate, identifiable components, although it is unclear to Plaintiff whether Defendant is actually making such argument.

Kraft Heinz could have easily cited to these two cases and offered such arguments in its Motion to Dismiss, yet Defendant appears to have intentionally held back these arguments from its Motion to Dismiss for the improper purpose of sandbagging Plaintiff. *See generally*, *Lewis*, 2009 WL 369028, at *1-2 (granting leave to file a surreply in response to arguments raised for the first time in a reply brief). Also, both the *Benson* and *Colgan* decisions were decided years before the filing of Kraft Heinz's Motion to Dismiss.

Additionally, Kraft Heinz's decision to introduce new case law to support its previously filed Request for Judicial Notice ("Def.'s RJN") should also be excluded as an improper attempt to sandbag Plaintiff. Plaintiff was not afforded an opportunity to address several new cases cited by Defendant in its response to

**PLAINTIFF'S EX PARTE APPLICATION**

Plaintiff's objections to Defendant's request for judicial notice. *See* Dkt. No. 18-1. A sur-reply would allow Plaintiff the opportunity to respond to those cases and avoid prejudice to Plaintiff.

The significant prejudice that Plaintiff will suffer from Kraft Heinz new arguments in the Reply and concurrently submitted documents (i.e., Dkt. No. 18-1) can only be relieved if Plaintiff is allowed to file a sur-reply that respnds to the new arguments, as the Motion to Dismiss has been taken under submission (Dkt. No. 19). Alternatively, Plaintiff requests that the Court disregard the new arguments and misleading statements in or with Defendant's Reply. *See Provenz*, 102 F.3d at 1483; *Azizkhan v. First Franklin Loan Servicing*, No. 2:09-cv-03071-GEB-EFB, 2010 WL 2231999, at *2 (E.D. Cal. June 3, 2010) ("Defendants raise additional arguments in their reply brief . . . but these arguments are disregarded since Defendants have not shown that these new arguments should be considered."); *Harris v. Costco Wholesale Corp.*, 389 F. Supp. 2d 1244, 1248 n.1 (S.D. Cal. 2005) (only if a court does not consider arguments raised for a first time in a reply brief is a non-moving party not prejudiced by its inability to respond).

### III. PLAINTIFF SHOULD BE PERMITTED TO RESPOND TO DEFENDANT'S MISLEADING STATEMENTS IN ITS REPLY

Just as Plaintiff would be prejudice by not being permitted to respond to new arguments in Defendant's Reply brief, Plaintiff would be prejudiced if not permitted to address the misleading statements in Defendant's Reply brief.

On page 1 of its Reply brief, Defendant misleadingly states "after meeting and conferring" (Dkt. No. 18, 1:14) to incorrectly imply that Defendant met and conferred with Plaintiff's counsel regarding an anticipated motion to dismiss prior to filing the motion to dismiss. Defendant does not mention, expect in a declaration, that a telephonic meet and confer call took place after Defendant filed a motion to dismiss and only after Plaintiff's counsel initiated the discussion – Plaintiff's counsel reached out to defense counsel to discuss the already filed

**PLAINTIFF'S EX PARTE APPLICATION**
3 OF 7

motion to dismiss. *See* Dkt. No. 18, 1:14 and Dkt. No. 18-3, ¶ 3.

On page 3 of the Reply brief, Defendant states that Plaintiff "fails to specify how they make the 'MDF. In U.S.A.' statement false." Dkt. No. 18, 3: 9-10. In her Opposition brief, Plaintiffs explains throughout the brief how this is the case. *See e.g.*, Dkt. No. 16, 10:6-11 ("Kraft Heinz failed to disclose and fraudulently concealed material facts by misrepresenting to the general public the true source of the component parts in the offending products, namely that the Product [is] 'MFD. In U.S.A.' [], yet contain one or more ingredients that are not from the United States of America"). Plaintiff cited to *Paz v. AG Goldschmeid, Inc*., 2014 U.S. Dist. LEXIS 156413, *14 (S.D. Cal. Oct. 27, 2014); *O'Brien v. Camisasca Automotive Manufacturing, Inc*., 161 Cal. App. 4th 388, 403 (Cal. App. 2d Dist. 2008); and *Kennedy v. Natural Balance Pet Foods, Inc*., 2007 U.S. Dist. LEXIS 57766, *11-12 (S.D. Cal. Aug. 7, 2007).

On page 10 of the Reply, Defendant misleading states, "Alaei admits she is unaware of other 'substantially similar' products that are allegedly mislabeled..." Dkt. No. 18, 10:1-2. However, what Plaintiff actually said was "Plaintiff *does not yet know, and should not be expected to know prior to formal discovery*, the names of all the substantially similar products manufactured by Kraft Heinz." Dkt. No. 16, 20:10-21:1 (emphasis added).

Lastly, in its response to Plaintiff's objections to Defendant's request for judicial notice (Dkt. No. 18-1), Defendant argues that Plaintiff incorrectly stated that Defendant did not argue the incorporation by reference doctrine. *Id*. at p. 1. This is misleading because it is, in fact, true that Defendant did not argue the incorporation by reference doctrine in its actual *Motion to Dismiss* (Dkt. No. 13-1). While Defendant cited the *Daniel's-Hall* case in its request for judicial notice (Dkt. No. 13-2), a request for judicial notice (under Fed. R. Evid. 201) and the doctrine of incorporation by reference are distinct (albeit perhaps related) legal concepts.

**PLAINTIFF'S EX PARTE APPLICATION**
4 OF 7

## IV. PLAINTIFF SHOULD BE PERMITTED TO RESPOND TO DEFENDANT'S EXTRINSIC EVIDENCE SUBMITTED IN OR WITH THE REPLY

Defendant's outside evidence (not found within the four corners of the pleadings) should be excluded and not considered by the Court on Defendant's motion to dismiss. Such extrinsic evidence includes statements made in Defendant's Reply brief (Dkt. No. 18) as follows:

- "after meeting and conferring, Defendant The Kraft Heinz Foods Company ... had agreed to allow Alaei to file an amended pleading. The only reason Alaei even filed an opposition was because the required venue affidavit allegedly could not be obtained in time." [Dkt. No. 18, 1:14-17];

- "Defendant met and conferred with Alaei's counsel who acknowledged an affidavit was required, and Defendant agreed to allow an amended pleading. (Reply Maneker Declaration, ¶¶ 3–12.) However, Alaei's counsel later declined to file an amended pleading because Defendant would not accept an affidavit from counsel in lieu of the affidavit the CLRA requires from Alaei herself and he did not have sufficient time to secure the latter." [Dkt. No. 18, 8:13-18];

- Yet no venue affidavit was filed in her similar case, represented by the same counsel, pending against Rockstar, Inc. (*Alaei v. Rockstar, Inc.*, *et al.*, Southern District of California Case No. 3:15-cv-02959-JAH-BGS [Dkt. 4].) Nor was any venue affidavit filed by her same counsel in *Oxina v. Lands' End, Inc.*, 2015 U.S. Dist. LEXIS 94847, at *6 n.7 (S.D. Cal. June 18, 2015) (Anello, J.). Clearly, this is a pattern and practice." Dkt. No. 18, 8:23-9:3; and,

- "Heinz Steak Sauce does not contain turmeric" [Dkt. No. 18, p. 8, n. 6].

A declaration of defense counsel and the exhibits thereto (Dkt. No. 18-3) submitted with Defendant's Reply brief also constitute inadmissible extrinsic evidence on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1131 (C.D. Cal. 2008) (declining to consider declaration in reply brief as "improperly presented evidence").

Plaintiff should be permitted to argue that such extrinsic evidence should be excluded and not considered by the Court.

## V. PLAINTIFF SHOULD BE PERMITTED TO RESPOND TO DEFENDANT'S IRRELEVANT EVIDENCE IN ITS REPLY

Defendant's irrelevant evidence should be excluded and not considered by the Court. Such irrelevant evidence concerns a lawsuit entitled *Alaei v. Rockstar, Inc. et al.* (*see* Dkt. No. 18, 8:25-9:1) and Defendant's apparent attack on the competency of Plaintiff's attorneys (*see* Dkt. No. 18, 8:23-9:3). Plaintiff should be permitted to argue in a sur-reply that Defendant's irrelevant statements and evidence should be stricken and not considered by the Court as they are improper and irrelevant. *See Chasse v. Humphreys*, 2008 U.S. Dist. LEXIS 90139, *19 (D. Or. Nov. 3, 2008) ("The statements the City Defendants make in the reply memorandum are irrelevant to the resolution of a Rule 12(b)(6) motion. At this time, I consider only the allegations in the Amended Complaint."); *Carey v. Pierce County Superior Court Domestic Violence Unit*, 2011 U.S. Dist. LEXIS 22533, *2 (W.D. Wash. Feb. 17, 2011) ("The Court grants this motion [to strike] because the statements that Defendants move to strike are irrelevant, unsupported, and/or are not authenticated."); *Felber v. Yudof*, 851 F. Supp. 2d 1182, 1184 (N.D. Cal. 2011) ("The motion to strike is granted insofar as the declarations have not been considered for purposes of evaluating the sufficiency of the existing complaint.").

//
//
//
//
//
//
//

## VI. CONCLUSION

In sum, the Court should grant Plaintiff leave to file a sur-reply (attached hereto as **Exhibit A**), as it is necessary to avoid prejudice to Plaintiff from Kraft Heinz's new arguments, substantial extrinsic evidence, irrelevant evidence, and misleading statements in Kraft Heinz's Reply brief.

Dated: March 23, 2016

**KAZEROUNI LAW GROUP, APC**

By: /s Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF