# EXHIBIT A

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason Ibey, Esq. (SBN: 284607)
Jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Suzanne Alaei

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE ALAEI, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>H.J. HEINZ COMPANY, L.P., and KRAFT HEINZ FOODS COMPANY,<br><br>**Defendants.** | Case No.: 3:15-cv-02961-MMA-DHB<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO THE KRAFT HEINZ FOODS COMPANY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Judge**: HON. Michael M. Anello |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Plaintiff, Suzanne Alaei ("Plaintiff"), submits this sur-reply in opposition to defendant The Kraft Heinz Foods Company's ("Defendant" or "Kraft Heinz") motion to dismiss the First Amended Complaint ("FAC"). This sur-reply is necessitated by new arguments, substantial extrinsic evidence, irrelevant evidence and misleading statements in Kraft Heinz's Reply brief. *See* Dkt. No. 18.

### I. Defendant's New Arguments In Connection With Defendant's Reply Should Be Excluded; In The Alternative, The Court Should Consider The Arguments As To The Merits In Plaintiff's Sur-Reply

"[I]t is generally 'improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief . . . .'" *Ojo v. Farmers Grp., Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) (citation omitted).

Defendant argues for the first time in a Reply brief that: sauces such as Heinz Steak Sauce and Heinz Horseradish Sauce cannot be "substantially similar" to the Heinz 57 Sauce.[1] This is improper. New arguments should be excluded from the Reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 fn.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *County v. Kempthorne*, 531 F.3d 792, 812 n. 16 (9th Cir. 2008) (declining to consider an argument raised for the first time in a reply brief); *United*

---

[1] Plaintiff mentioned the Heinz Steak Sauce and Heinz Horseradish Sauce in the Opposition brief merely to show how Plaintiff could amend First Amended Complaint if the Court finds the allegations insufficiently pled. Dkt. No. 16, n. 8. *See generally*, *Felber v. Yudof*, 851 F. Supp. 2d 1182, 1184 (N.D. Cal. 2011) ("Defendants acknowledge, however, that the facts proffered in the declarations may be considered in evaluating whether or not plaintiffs should be given leave to amend.").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007) (refusing to consider documents submitted with a reply brief), cert. denied, ––– U.S. –––, 128 S.Ct. 2964 (2008). Plaintiff believes the most appropriate course of action is for the Court to exclude such argument by Defendant until and unless Heinz Steak Sauce and Horseradish Sauce are at issue in a potential amended pleading.

However, to the extent the Court considers Defendant's argument, Plaintiff contends that the sauces are "substantially similar" products in that the product purchase by Plaintiff (Heinz 57 Sauce) is of course a sauce, just as the Steak Sauce and Horseradish Sauce are *sauces*. Further, to the extent all three sauces contain ingredients foreign to the United States, such as "turmeric" (*see generally*, FAC, ¶ 31) and contain "MFD. In U.S.A." claims on their product labels, it is difficult to consider such products as anything but "substantially similar" in terms of false made in the USA claims under Cal. Civ. Code § 17533.7.

Additionally, in connection with Defendant's response to Plainitff's objections to Defendant's request for judicial notice (Dkt. No. 18-1, p. 2), Defendant now cites to numerous case in an attempt to support its previous Request for Judicial Notice (Dkt. No. 13-2). Thus, to the extent the Court considers those cases, Plaintiff's position is that the cases relied upon by Defendant do not cure the problems outlined by Plaintiff in objecting to the request for judicial notice (Dkt. No. 17, pp. 2-4). Moreover, Plaintiff continues to, in *good faith*, dispute the authenticity of the product labels submitted as Exhibit 1 to the first declaration of Meryl C. Maneker (defense counsel), Dkt. No. 13-3. Plaintiff does not submit a copy of the product label on the actual product purchased by Plaintiff in response to Kraft Heinz motion to dismiss, as Plaintiff does not desire to convert the motion into a motion for summary judgment.

///

///

///

**B.  Defendant's New Arguments Based On Two Cases That Defendant Could Have Cited In Its Motion To Dismiss Do Not Supports Dismissing The First Amended Complaint**

Defendant cites for the first time in its Reply to the cases of *Benson* and *Colgan* (Dkt. No. 18, 4:18-21), neither of which were cited by Defendant in its Motion to Dismiss, despite the fact such cases were available prior to the time Defendant filed its Motion to Dismiss. Defendant offers new argument in the Reply based on those two cases. This is an apparent attempt to sandbag Plaintiff in the Reply brief to the unfair prejudice of Plaintiff. Plaintiff should be afforded an opportunity to respond in writing to Defendant's arguments based on these two cases, especially now that the Court has taken the motion to dismiss under submission (Dkt. No. 19).

**1.  *Benson***

As it concerns the decision in *Benson*, a non-binding decision from a California appellate court, Plaintiff notes that the *Benson* court recognized "the statute [] prohibits the use of this labeling [e.g. Made in USA] where merchandise is '*substantially* made, manufactured, or produced outside of the United States.'" *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1272 (Cal. App. 4th Dist. 2007).

Here, Plaintiff's FAC alleges (and Defendant may not challenge the allegations on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir. Ariz. 2003)) that there are multiple foreign ingredients in the product purchased by Plaintiff (the Heinz 57 Sauce) and that the product or some of its ingredients are wholly or substantially made or manufactured outside of the United States:

- "the Product purchased by Plaintiff and labeled as 'MFD. In U.S.A.'" is 'foreign-made or incorporates foreign-made components (in violation of California law)" [FAC, p. 2, n. 1] (emphasis added);

- "Contrary to the representation on the products' labels, Defendants' products are wholly and/or substantially manufactured or produced

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

with components that are manufactured, grown and/or sourced outside of the United States." [FAC, ¶ 16] (emphasis added);

- "Based upon information and belief, the offending Product purchased by Plaintiff, and presumably all of Defendant's products that are substantially similar and contain foreign ingredients, are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "MFD. In U.S.A." representations (or some derivative thereof) ("Class Product/s")" [FAC, ¶ 18] (emphasis added);

- "At the time of Plaintiff's purchase, the offending Product was described as manufactured in the U.S.A., when the Product actually was made and/or contained components made outside of the United States." [FAC, ¶ 23] (emphasis added);

- "Defendants' Class Products containing the foreign ingredients, including the Product purchased by Plaintiff, are of inferior quality, potentially more dangerous and less reliable, as Defendants falsely represented that these products are "MFD. In U.S.A." overall customer satisfaction than if the products were truly 'MFD. In U.S.A.' and/or consisting of component parts made in the United States." [FAC, ¶ 29]; and,

- "The products at issue in this matter are wholly and/or substantially manufactured outside of the United States and/or contain ingredients that are manufactured outside of the United States in violation of California law." [FAC, ¶ 52] (emphasis added).

Thus, if the Court follows *Benson*,[2] Plaintiff has sufficiently alleged that the product purchased by Plaintiff is wholly and/or substantially manufactured outside of the United States and/or contains ingredients that are manufactured outside of the United States in violation of California law. However, leave to amend should

---

[2] Interestingly, Kwikset Corp. "entered into a consent decree with the FTC that limited their use of inaccurate country of origin labels." *See Kwikset Corp. v. Superior Court*, 171 Cal. App. 4th 645, 656 (Cal. App. 4th Dist. 2009). And, as the California Supreme Court explained in *Kwikset v. Superior Court*, 51 Cal.4th 310, 328-29 (January 27, 2011) (The object of section 17533.7 is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers).

be granted should the Court find that additional allegations are needed to satisfy Fed. R. Civ. P. 9.

Moreover, to the extent that Defendant argues for the first time in its Reply brief that the product's ingredients are not separate, identifiable components (Defendant does not specifically argue this in its Motion to Dismiss, and thus it is unclear to Plaintiff whether Defendant is actually making such argument), if the Court follows *Benson*, the FAC is also adequately pled because the Heinz 57 Sauce consists of separate, identifiable components in terms of *distinct ingredients*. *See* Section 17533.7, which requires "*any* article, unit, or part" of the merchandise to be "entirely or substantially made, manufactured, or produced" domestically to qualify for use of a "Made in U.S.A." or similar label if the product consists of "separate, identifiable components". *See* FAC, p. 2, n. 1; *id*. at ¶¶ 16, 18, 23, 29 and 52. If this were not the case, then any consumable product on the market in California would never be subject to § 17533.7, despite the fact that the California Legislature has not exempted consumable products such as bottled sauces (like Heinz 57 Sauce) from Section 17533.7's coverage. The *Kennedy v. Natural Balance Pet Foods, Inc*., 2007 U.S. Dist. LEXIS 57766, *11-12 (S.D. Cal. Aug. 7, 2007) case, cited by Plaintiff in the Opposition brief (Dkt. No. 16) is instructive, even though that case concerned food consumed by pets rather than humans.

### 2. *Colgan*

Citing to *Colgan*[3] for the first time in its Reply brief, Defendant argues that Plaintiff cannot allege a substantial physical process of transforming raw materials into goods that occurs overseas. Dkt. No. 18, 4:19-21. However, as explained above when discussing the *Benson* case, Plaintiff does sufficiently allege the product purchased by Plaintiff is wholly and/or substantially manufactured outside

---

[3] Although Plaintiff cited *Colgan* in her Opposition brief, Defendant appears to make a new argument based on that case in its Reply brief concerning production of raw materials.

of the United States and/or contains ingredients that are manufactured outside of the United States. Furthermore, *Colgan* cited several cases suggesting that what constitutes "*substantially* made, manufactured, or produced outside of the United States" may be a jury question (even though in some instances courts have decided what constitutes "substantial" as a matter of law in different contexts). "In contexts other than section 17533.7, authorities treat the issue of substantiality as a question of fact." *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 686-687 (Cal. App. 2d Dist. 2006).[4] Significantly, *Colgan* was decided on a motion for summary adjudication, not at the pleading stage.

Thus, the issue of what constitutes "substantial" here should be addressed following discovery, not on a motion to dismiss at the pleading stage. Plaintiff's allegations are sufficiently pled and Plaintiff pleads a cognizable theory under § 17533.7.

//

//

---

[4] Citing *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 375 [33 Cal. Rptr. 3d 644] [racial discrimination as substantial factor in adverse employment decision under Fair Employment and Housing Act, Gov. Code, § 12940, subd. (a), a jury question]; *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.* (1997) 520 U.S. 17, 38–39 [137 L. Ed. 2d 146, 117 S. Ct. 1040] [noted that prior cases have deemed substantial equivalent test in patent infringement cases to be factual issue, although declined to decide whether factual or legal]; *Maxwell v. K Mart Corp.* (D. Minn. 1994) 844 F. Supp. 1360, 1370–1371 [substantially equivalent in patent infringement case question for jury—"The significance of the similarities and differences between the accused and patented systems presents a genuine issue of material fact …"]; *Williams v. Philadelphia Housing* (3rd Cir. 2004) 380 F.3d 751, 763 [question of whether individual is substantially limited in a major life activity under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., a question of fact]; CACI No. 430 (2005) [causation: substantial factor]; BAJI No. 3.76 (2005) [cause: substantial factor test]; Prosser, *Proximate Cause in California* (1950) 38 Cal. L.Rev. 369, 379 [" 'substantial factor' " a term "sufficiently intelligible to any layman to furnish an adequate guide to the jury … ."]; Rest.2d Torts, § 431.

## II. The Extrinsic Evidence In Defendant's Reply Brief And Related Documents Should Be Excluded and Not Considered By The Court

The following statements or evidence are extrinsic to the pleadings and should be excluded from Defendant's Reply brief:

- "after meeting and conferring, Defendant The Kraft Heinz Foods Company ... had agreed to allow Alaei to file an amended pleading. The only reason Alaei even filed an opposition was because the required venue affidavit allegedly could not be obtained in time." Dkt. No. 18, 1:14-17;

- "Defendant met and conferred with Alaei's counsel who acknowledged an affidavit was required, and Defendant agreed to allow an amended pleading. (Reply Maneker Declaration, ¶¶ 3–12.) However, Alaei's counsel later declined to file an amended pleading because Defendant would not accept an affidavit from counsel in lieu of the affidavit the CLRA requires from Alaei herself and he did not have sufficient time to secure the latter." Dkt. No. 18, 8:13-18;

- Yet no venue affidavit was filed in her similar case, represented by the same counsel, pending against Rockstar, Inc. (*Alaei v. Rockstar, Inc.*, *et al.*, Southern District of California Case No. 3:15-cv-02959-JAH-BGS [Dkt. 4].) Nor was any venue affidavit filed by her same counsel in *Oxina v. Lands' End, Inc.*, 2015 U.S. Dist. LEXIS 94847, at *6 n.7 (S.D. Cal. June 18, 2015) (Anello, J.). Clearly, this is a pattern and practice." Dkt. No. 18, 8:23-9:3; and,

- "Heinz Steak Sauce does not contain turmeric" (Dkt. No. 18, p. 8, n. 6).

The Declaration of Meryl C. Maneker submitted with the Reply brief (including the two exhibits thereto) is also improper and constitutes inadmissible extrinsic evidence on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 18-3. *See United States v. Martinez-Leon*, 565 F. Supp. 2d 1131, 1131 (C.D. Cal. 2008) (declining to consider declaration in reply brief as "improperly presented evidence"). Even defense counsel acknowledges in the declaration that the issue of whether turmeric is found in Heinz's Horseradish Sauce is "not yet formally at issue in this action." Dkt. No. 18-3, 2:24-25.

Therefore, such statements and evidence submitted by Defendant in or with its Reply brief that are extrinsic to the pleadings should not be considered by the Court on this motion to dismiss. However, if the Court is inclined to consider such materials, the Court must convert the motion to dismiss into a motion for summary judgment. *See Tech. & Intellectual Prop. Strategies Group PC v. Fthenakis*, 2011 U.S. Dist. LEXIS 88749, *11 (N.D. Cal. Aug. 10, 2011) ("A motion to dismiss made pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment under Rule 56 if either party to the motion submits materials outside the pleadings in support of or opposition to the motion, and if the court relies on those materials."). If the Court is inclined to convert the motion to a summary judgment motion, Plaintiff respectfully requests relief under Fed. R. Civ. P. 56(d) to conduct adequate discovery before the Court rules on the motion. However, Plaintiff contends the most appropriate course of action at this early stage of litigation would be to exclude the improper evidence and arguments.

### III. Defendant's Argument Regarding Other Lawsuits Filed By Plaintiff and/or Other Lawsuits For Which Plaintiff's Attorneys Are Counsel Is Irrelevant and Should Be Excluded

In an attempt to draw attention away from the main issues, Defendant references a lawsuit filed that is entitled, *Alaei v. Rockstar, Inc. et al*. *See* Dkt. No. 18, 8:25-9:1. Defendant does not ask the Court to take judicial notice of such filing, nor would such filing properly be considered because it is irrelevant to this action. What the plaintiff in *Alaei v. Rockstar, Inc. et al*. may have alleged has no bearing on Plaintiff's allegations in the FAC against Kraft Heinz in the present case. Such argument and references to other lawsuits should be stricken and not considered by the Court.

Also, Defendant's apparent attack on the competency of Plaintiff's attorneys (on a Fed. R. Civ. P. 12(b)(6) motion) has no place in Defendant's Reply brief, and seems to have been added by Defendant to again distract from the actual issues in the motion to dismiss. *See* Dkt. No. 18, 8:23-9:3. Such statements should be

stricken and not considered by the Court as they are improper and irrelevant. *See Chasse v. Humphreys*, 2008 U.S. Dist. LEXIS 90139, *19 (D. Or. Nov. 3, 2008) ("The statements the City Defendants make in the reply memorandum are irrelevant to the resolution of a Rule 12(b)(6) motion. At this time, I consider only the allegations in the Amended Complaint."); *Carey v. Pierce County Superior Court Domestic Violence Unit*, 2011 U.S. Dist. LEXIS 22533, *2 (W.D. Wash. Feb. 17, 2011) ("The Court grants this motion [to strike] because the statements that Defendants move to strike are irrelevant, unsupported, and/or are not authenticated."); *Felber v. Yudof*, 851 F. Supp. 2d 1182, 1184 (N.D. Cal. 2011) ("The motion to strike is granted insofar as the declarations have not been considered for purposes of evaluating the sufficiency of the existing complaint.").

### IV.   Certain Statements By Defendant In Its Reply Are Misleading

On page 1 of its Reply brief, Defendant misleadingly states "after meeting and conferring" (Dkt. No. 18, 1:14) to incorrectly imply that Defendant met and conferred with Plaintiff's counsel regarding an anticipated motion to dismiss prior to filing the motion to dismiss. Defendant does not mention, expect in a declaration, that a telephonic meet and confer call took place after Defendant filed a motion to dismiss and only after Plaintiff's counsel initiated the discussion – Plaintiff's counsel reached out to defense counsel to discuss the already filed motion to dismiss. *See* Dkt. No. 18, 1:14 and Dkt. No. 18-3, ¶ 3.

On page 3 of the Reply brief, Defendant states that Plaintiff "fails to specify how they make the 'MDF. In U.S.A.' statement false." Dkt. No. 18, 3: 9-10. In her Opposition brief, Plaintiffs explains throughout the brief how this is the case. *See e.g.,* Dkt. No. 16, 10:6-11 ("Kraft Heinz failed to disclose and fraudulently concealed material facts by misrepresenting to the general public the true source of the component parts in the offending products, namely that the Product [is] 'MFD. In U.S.A.' [], yet contain one or more ingredients that are not from the United States of America"). Plaintiff cited to *Paz v. AG Goldschmeid, Inc.*, 2014 U.S.

Dist. LEXIS 156413, *14 (S.D. Cal. Oct. 27, 2014); *O'Brien v. Camisasca Automotive Manufacturing, Inc.*, 161 Cal. App. 4th 388, 403 (Cal. App. 2d Dist. 2008); and *Kennedy v. Natural Balance Pet Foods, Inc.*, 2007 U.S. Dist. LEXIS 57766, *11-12 (S.D. Cal. Aug. 7, 2007). Defendant just does not like (or accept) the explanation.

On page 10 of the Reply, Defendant misleading states, "Alaei admits she is unaware of other 'substantially similar' products that are allegedly mislabeled..." Dkt. No. 18, 10:1-2. However, what Plaintiff actually said was "Plaintiff *does not yet know, and should not be expected to know prior to formal discovery*, the names of all the substantially similar products manufactured by Kraft Heinz." Dkt. No. 16, 20:10-21:1 (emphasis added).

Additionally, in its response to Plaintiff's objections to Defendant's request for judicial notice (Dkt. No. 18-1), Defendant argues that Plaintiff incorrectly stated that Defendant did not argue the incorporation by reference doctrine. *Id*. at p. 1. This is misleading because it is, in fact, true that Defendant did not argue the incorporation by reference doctrine in its actual *Motion to Dismiss* (Dkt. No. 13-1). While Defendant cited the *Daniel's-Hall* case in its request for judicial notice (Dkt. No. 13-2), a request for judicial notice (under Fed. R. Evid. 201) and the doctrine of incorporation by reference are distinct (albeit perhaps related) legal concepts.

## V.   CONCLUSION

In conclusion, to the extent the Court considers the new arguments, extrinsic evidence, irrelevant arguments and evidence, and misleading statements in Defendant's Reply brief, the Court should consider this sur-reply in denying Defendant's motion to dismiss.

Dated: March 23, 2016            **KAZEROUNI LAW GROUP, APC**

By: _/s Abbas Kazerounian_____
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF