WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
MARK A. REIN (292437)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  vturner@wilsonturnerkosmo.com
E-mail:  mmaneker@wilsonturnerkosmo.com
E-mail:  rdixon@wilsonturnerkosmo.com
E-mail:  mrein@wilsonturnerkosmo.com

Attorneys for Defendant
THE KRAFT HEINZ FOODS COMPANY
(erroneously sued as Kraft Heinz Foods Company)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE ALAEI, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>H.J. HEINZ COMPANY, L.P., and KRAFT HEINZ FOODS COMPANY,<br><br>Defendants. | Case No. 3:15-cv-02961-MMA-DHB<br><br>**DEFENDANT THE KRAFT HEINZ FOODS COMPANY'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY**<br><br>District Judge:   Hon. Michael M. Anello<br>Magistrate Judge:  Hon. David H. Bartick |

**Table of Contents**

I.    INTRODUCTION .................................................................................................. 1

II.   ALAEI HAS NOT SHOWN GOOD CAUSE JUSTIFYING A SUR-REPLY ................................................................................................................... 2

    A.   Kraft Heinz Did Not Raise "New Arguments" In Its Reply ................. 2

    B.   Kraft Heinz Did Not Make "Misleading Statements" In Its Reply ..................................................................................................... 5

    C.   Kraft Heinz Did Not Improperly Submit "New Evidence" In Reply ..................................................................................................... 6

    D.   Kraft Heinz Did Not Submit "Irrelevant Evidence" In Its Reply ........ 8

III.  ALAEI IMPROPERLY MAKES SUBSTANTIVE ARGUMENTS AND HER PROPOSED SUR-REPLY IS OVERBROAD ............................................ 8

IV.   CONCLUSION ...................................................................................................... 9

## I. INTRODUCTION

Plaintiff Suzanne Alaei's ("Alaei") *ex parte* application for leave to file a sur-reply brief is without merit and should be denied. Alaei claims Defendant The Kraft Heinz Foods Company ("Kraft") made new arguments and improperly introduced new evidence when it merely responded to the issues, arguments and cases Alaei made or discussed in her opposition to Kraft's motion to dismiss – which is the very purpose of a reply brief. Alaei's assertions, that Kraft made "misleading" statements and introduced "irrelevant" evidence are equally meritless. Kraft moves to dismiss Alaei's First Amended Complaint ("FAC") on the grounds that Alaei: 1) has not pled her claims with the particularity required under the federal rules by either identifying specific ingredients in Heinz 57 Sauce, alleging facts to support her claim they are foreign, or explaining how these ingredients make "MFD. in U.S.A." false or misleading; 2) cannot pursue claims for products she did not purchase both because she lacks standing to do so and because she has not adequately identified what other products she claims are "substantially similar"; 3) will not be harmed in the future as she is already aware of the allegedly false or misleading statements on Heinz 57 Sauce and, thus, lacks standing to seek injunctive and declaratory relief; and 4) failed to attach the affidavit regarding venue that is required under the Consumer Legal Remedies Act ("CLRA").

Alaei responded to Kraft's motion by discussing two of the leading state court cases on the use of labels stating "Made In USA" to argue that she had, in fact, adequately pled her claims. In its reply, Kraft explained how Alaei's allegations were not sufficient under those cases and pointed out that her proffered allegation that different ingredients – tomato puree and mustard flour – were foreign should not be allowed as any amendment including such allegations would be futile. Alaei also sought leave to amend to file the necessary affidavit and, in reply, Kraft explained to the Court that it had agreed Alaei could file an amended pleading but that she had declined to do so. Alaei also claimed her failure to file the necessary affidavit was

"unintentional" so, in reply, Kraft identified other cases brought by Alaei or her counsel where an affidavit was also missing. The other "arguments" or "evidence" Alaei takes issue with were similarly made in reply to Alaei's own opposition and, thus, entirely appropriate. Thus, there is no good cause to allow a sur-reply (and certainly no prejudice to Alaei if she is not allowed to submit one). Should the Court nonetheless allow a sur-reply, Kraft requests an opportunity to respond.

## II. ALAEI HAS NOT SHOWN GOOD CAUSE JUSTIFYING A SUR-REPLY

"[T]he rules of this court, indeed, the law and motion rules of most courts, permit the moving party, not the respondent, to have the last word. When a motion is filed, any respondent may file opposition to it and the movant may file a reply to that opposition. The respondent may not file a sur-reply." *In re Large Scale Biology Corp.*, 2007 Bankr. LEXIS 3395, at *2 (E.D. Cal. Sept. 25, 2007). "Sur-replies are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Kelly v. Las Vegas Metro. Policy Dep't*, 2014 U.S. Dist. LEXIS 102495, at *48 (D. Nev. July 25, 2014) (internal quotation and citation omitted); *accord Hill v. England*, 2005 U.S. Dist. LEXIS 29357, at *2–3 (E.D. Cal. Nov. 8, 2005). A court should not "permit such additional briefing absent good cause." *Large Scale Biology*, 2007 Bankr. LEXIS 3395, at *2; *Sims v. Paramount Gold & Silver Corp.*, 2010 U.S. Dist. LEXIS 135661, at *20–21 (D. Ariz. Dec. 20, 2010) (stating "courts will not allow surreplies except 'in the most extraordinary of circumstances'").

### A. Kraft Heinz Did Not Raise "New Arguments" In Its Reply

Alaei argues that a sur-reply is necessary to respond to two "new arguments" based upon two "newly cited" cases that: (1) "products made or manufactured in the United States are not covered by Cal. Bus. & Prof. Code § 17533.7 even when the products use raw materials acquired from a foreign source" (citing *Benson v. Kwikset Corp.*, 152 Cal.App.4th 1254, 1272 (2007)); and (2) Alaei must "allege a substantial

physical process of transforming raw materials into goods that occurs overseas" (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 633, 685 (2006)). (Plaintiff's Ex Parte Application For Leave To File A Sur-Reply ("Application" or "App.") at 2:4–12.)[1] However, these arguments are not new (and are not even the basis for Kraft's motion) and were made because *Alaei* raised both lines of authority.

As outlined in its opening brief, Kraft seeks dismissal of the FAC, in part, because it completely lacks specific allegations of the ingredients in Heinz 57 Sauce that are allegedly foreign, what makes them foreign, and how these ingredients make "MFD. in U.S.A." false or misleading. (Memorandum Of Points And Authorities In Support Of Motion To Dismiss ("Mot."), Dkt. No. 13-1, at 7:5-8:15.) In opposition, Alaei raised both *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 318 (2011) and *Colgan*, 135 Cal.App.4th at 692 (neither of which are recent and are the two leading state court cases in this area) to argue that she had adequately specified "MFD. in U.S.A." is misleading because Kraft products allegedly "include foreign ingredients and are wholly and/or substantially manufactured or produced with components that are manufactured, grown and/or sourced outside of the United States." (Plaintiff's Opposition to Kraft Heinz's Motion to Dismiss ("Opposition" or "Opp."), Dkt. No. 16, at 8:27–9:15.) In reply, Kraft responded to Alaei's authority and argument by explaining *Kwikset* and *Colgan* were inapposite because they "extensively detailed the aspects of foreign manufacturing at issue" and required a substantial "*physical* process of transforming raw materials into goods" that occurs overseas, which the FAC did not allege. (Reply In Support of Kraft Heinz's Motion to Dismiss ("Reply"), Dkt. No. 18, at 3:27–4:5 (emphasis in original).) Thus, Kraft's reply argument directly

---

[1] This is really only one argument stated two different ways, and Kraft Heinz treats it as such. Alaei also objects to an additional "new argument" that "ingredients do not constitute separate, identifiable components," despite admitting "it is unclear . . . whether Defendant is actually making such an argument." (App. at 2:12–15.) Kraft never made this argument in its moving papers or reply, and the Court should not allow Alaei to create this "new argument" to justify a sur-reply.

addressed Alaei's opposition, cited the same line of authority, does not constitute a "new argument," and causes no prejudice that would justify a sur-reply.

Kraft also cited these cases as they showed that her request for leave to amend to allege "Turmeric, Tomato Puree and Mustard Flour . . . are, in whole or substantial part, from outside of the U.S.A.," and that "Turmeric is a spice native to India," (Opp. at 3:25–28, n.4), would be futile. (Reply at 4:10-21.) Indeed, Kraft could not respond to this argument until its reply. *See Large Scale Biology*, 2007 Bankr. LEXIS 3395, at *3 (noting that because an argument was made entirely in response to an opposition, "it is no surprise that it is raised in the [] reply rather than the motion.").[2]

Finally, there is no need for a sur-reply "to address several new cases cited by Defendant in its response to Plaintiff's objections to Defendant's request for judicial notice." (App. at 2:25-27.). Essentially, Alaei takes the position a reply brief may not cite a single case that was not cited in the moving papers, even if the case merely supports a previously made argument. Not surprisingly, Alaei cites no authority for such a proposition. Alaei opposed Kraft's motion, in part, by taking issue with Kraft's request for judicial notice, (Opp. at 6:18-7:15), and Kraft responded.

"The purpose of a movant's reply is to respond to an opposition. A reply necessarily raises facts and issues, for the first time, that are germane to the opposition." *Large Scale Biology*, 2007 Bankr. LEXIS 3395, at *2 ("If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition."). Thus, as explained in *All Star Seed v. Nationwide Agribusiness Ins. Co.*, 2014 U.S. Dist. LEXIS 44798, at *40–41 (S.D. Cal. Mar. 31, 2014) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003)):

---

[2] Somewhat astoundingly, the first argument in her proposed sur-reply is Alaei's contention that Kraft improperly argued the products she offered to specifically allege, in an amended pleading, are substantially similar, Heinz Steak Sauce and Heinz Horseradish Sauce, (Opp. at 14, fn. 8), are not substantially similar. Kraft had every right to respond to Alaei's arguments. Indeed, it would have been remiss if it had not.

> The assertion that new arguments in a reply brief that were not presented in the moving papers [should not be considered] is only partially accurate. The cases defendant relies upon concerned arguments that were neither raised in the moving papers nor in the opposition papers. . . . However, arguments not made in a moving brief but made in response to matters that were raised in the opposition to the motion are appropriately considered.

Kraft did not improperly make any new arguments. Rather, Kraft Heinz merely "respond[ed] to defensive issues put in play by [Alaei's] opposition." *Large Scale Biology*, 2007 Bankr. LEXIS 3395, at *3. A sur-reply is unnecessary and improper, and the Application should be denied.

### B. Kraft Heinz Did Not Make "Misleading Statements" In Its Reply

Alaei also contends a sur-reply is necessary to address allegedly "misleading statements" in Kraft's reply regarding the parties' discussions of Kraft's motion and Kraft's characterization of the FAC and Alaei's arguments in opposition to the motion. Not only were these statements not "misleading," this does not constitute good cause. (App. at 3:17–19.) *See, e.g., Leimbach v. Haw. Pac. Health*, 2015 U.S. Dist. LEXIS 95397, at *9 n.2 (D. Haw. July 22, 2015) (denying request for sur-reply "to address what [plaintiff] viewed as Defendants' misleading and deceptive summarization of the allegations of the FAC" because "the court [was] perfectly capable of reading the FAC"); *AT&T Commc'ns., Inc. v. Cent. Puget Sound Reg'l Transit Auth.*, 2008 U.S. Dist. LEXIS 116853, at *10 (W.D. Wash. July 14, 2008) (denying sur-reply to strike "inaccurate and misleading assertions" in reply because it was merely a disagreement about the moving party's analysis and characterizations).

Kraft never implied a meet and confer took place before it filed its motion. Alaei opposed Kraft's motion, in part, by seeking leave to file the missing venue affidavit and attempt to cure the other deficiencies identified by Kraft. (Opp. at 1:6-11.) Kraft replied by advising the Court that counsel had met and conferred, during which Kraft had agreed to allow Alaei to amend. (Reply at 1:14–16.) As Alaei

-5-   No. 3:15-cv-02961-MMA-DHB

OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY

admits, Kraft clearly set forth the sequence of events in the Declaration of Meryl C. Maneker. (App. at 3:23–24.)

Kraft also appropriately characterized Alaei's Opposition as failing "to specify how [the unidentified foreign ingredients] make the 'MFD. in U.S.A.' statement false." (App. at 3:28–4:1.) Alaei's argument to the contrary is tantamount to saying that Kraft's entire motion is "misleading" simply because Alaei believes her claims are adequately pled. Alaei may not like (or accept) Kraft's characterization of her Opposition, but that does not mean it was a misleading statement of fact. *See AT&T Communs.*, 2008 U.S. Dist. LEXIS 116853, at *10.

In addition, Kraft accurately noted that Alaei "admit[ed] she is unaware of other 'substantially similar' products that are allegedly mislabeled." (App. at 4:12–13.) Kraft initially quoted her admission with an accurate page and line cite. (Reply at 5:6–7.) Thereafter, Kraft accurately paraphrased her admission. (Reply at 10:1–2.) There was nothing misleading about the statement.

Finally, it is a true statement that "Plaintiff incorrectly stated that Defendant did not argue the incorporation by reference doctrine." (App. at 4:18–26.) In an apparent game of semantics, Alaei argues "it is, in fact, true that Defendant did not argue the incorporation by reference doctrine in its actual *Motion to Dismiss,*" acknowledging Kraft had invoked the doctrine in its request for judicial notice. (App. at 4:21–22.) Yet, in her opposition, Alaei unequivocally stated that "Defendant does not contend that the product labels (in Defendants' Exhibit 1) may be considered under the incorporation by reference doctrine." (Opp. at 6:26–28.) It is Alaei's statement that is misleading and Kraft had every right to correct it.

C.   **Kraft Heinz Did Not Improperly Submit "New Evidence" In Reply**

Alaei makes the same flawed argument with respect to allegedly "new evidence" as she did with respect to allegedly "new arguments." (App. at 5:1–6:2.) Evidence may be "submitted in response to [an opposition's] argument" and is "properly raised in a reply brief." *All Star Seed v. Nationwide Agribusiness Ins. Co.*,

2014 U.S. Dist. LEXIS 44798, at *42 (S.D. Cal. Mar. 30, 2014) (citing *Carillo v. Schneider Logistics, Inc.*, 2013 U.S. Dist. LEXIS 4674, at *3 n.2 (C.D. Cal. Jan. 7, 2013); *accord In re Conagra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014).

Alaei argued that the CLRA claim should be dismissed with leave to amend because the "mere unintentional failure to attach an affidavit regarding venue . . . is easily curable through amendment to the FAC and attaching an affidavit pursuant to Cal. Civ. Code §1780(d)." (Opp. at 2-:2–3.) Kraft responded by showing, through a declaration, it had offered the exact relief Alaei now requests from the Court. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (court may look beyond four corners of complaint to determine whether leave to amend should be granted); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1037–38 (9th Cir. 2001)(same).

Similarly, Alaei requested leave to amend to allege Heinz Steak Sauce and Heinz Horseradish Sauce are substantially similar to Heinz 57 because they all allegedly contain turmeric. (Opp. at 14:23–28, n.8.) Kraft pointed out leave to amend would be futile because Heinz Steak Sauce does not contain turmeric. *See Broam*, 320 F.3d at 1026 n.2; *Orion Tire*, 268 F.3d at 1037–38.

Alaei also argues that Kraft Heinz submitted improper "extrinsic evidence" by citing to two other cases from the Southern District: her case against Rockstar, Inc. and her counsel's prior action against Lands' End. (App. at 5:16–21.) It cannot be questioned that courts may consider other cases and opinions when ruling on a motion to dismiss. *Cf. Dobrosky v. Arthur J. Gallagher Serv. Co.*, 2015 U.S. Dist. LEXIS 68252, at *4 n.2 (C.D. Cal. May 18, 2015) ("It is entirely unnecessary for the Court to take judicial notice of a court case providing persuasive authority.") To the extent the cases are evidence of a specific fact (e.g., that no venue affidavit was filed in either), they are properly subject to judicial notice. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (taking judicial notice of five prior cases in which the plaintiff "was a *pro se* litigant to counter her argument that she deserves special treatment

because of her *pro se* status").³  Kraft's reply declaration and citation to cases were provided to give the Court all of the information relevant to the parties' positions.

### D. Kraft Heinz Did Not Submit "Irrelevant Evidence" In Its Reply

Alaei also argues a sur-reply is necessary to address Kraft's discussion of her other lawsuit, against Rockstar, Inc., filed on the exact same day and which alleges the same claims. (App. at 6:5–8.) Not only may the Court take judicial notice of it, the *Rockstar* case is relevant to Alaei's CLRA claim.

Alaei argued that dismissal of her CLRA claim should be without prejudice because the failure to attached the required affidavit was "mere[ly] unintentional." (Opp. at 16:24.) Whether she has failed to file the required affidavit on other occasions, including the *Rockstar* litigation, goes directly to whether the mistake was truly "unintentional." *See Bias*, 508 F.3d at 1225 (evidence of five prior cases in which the plaintiff was a *pro se* litigant was relevant to counter her argument that she deserves special treatment because of her *pro se* status).

### III. ALAEI IMPROPERLY MAKES SUBSTANTIVE ARGUMENTS AND HER PROPOSED SUR-REPLY IS OVERBROAD

It is improper to file a sur-reply in the guise of a new motion. *See Hupp v. San Diego Cnty.*, 2014 U.S. Dist. LEXIS 99825, at *12–13 (S.D. Cal. July 21, 2014) (denying motion to strike because the plaintiff "utilize[d] [it] to respond substantively to Defendants' arguments without leave from the Court to submit a sur-reply"). Yet Alaei's Application improperly responds in substance to Kraft's Reply, frequently

---

³ The Court may take judicial notice of these facts without any specific request by Kraft Heinz and at any stage of the proceedings. Fed. R. Evid. 201(c)(1), (d). Nonetheless, judicial notice is unnecessary as both cases are from the Southern District and therefore "readily available to the Court." *Redon v. San Diego Cnty.*, 2016 U.S. Dist. LEXIS 13017, at *7 (S.D. Cal. Feb. 3, 2016) (finding it unnecessary to take judicial notice of its own docket because it was readily available).

repeating her proposed sur-reply almost verbatim. (*Compare* App. at 3:20–4:28 *with* App. Ex. A at 9:13–10:19.)[4]

It is also improper to file a sur-reply that exceeds the scope of the new matter in the reply. *See e.g.*, *Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F.Supp.2d 962, 970–71 (N.D. Cal. 2013). Alaei's proposed sur-reply reargues old issues, such as whether Kraft Heinz's products are "substantially similar," which are not even identified in the Application as "new arguments." (App. Ex. A at 1:12–15; App. at 1:19–3:14.)[5]

## IV. CONCLUSION

The rules are clear: the moving party gets the last word. Kraft's Reply addressed the issues and arguments that Alaei made in her Opposition. That is the purpose of a reply brief. Alaei does not get to file a sur-reply simply because she wishes she had said more, or disagrees with Kraft Heinz's analysis or characterizations. Having failed to demonstrate the requisite "good cause" for a sur-reply, the Application should be denied. Should the Court nonetheless grant the Application, Kraft Heinz respectfully requests an opportunity to respond in light of the breadth and length of the proposed sur-reply.

Dated: March 24, 2016

**WILSON TURNER KOSMO LLP**

By: /s/ Meryl C. Maneker
MERYL C. MANEKER
Attorneys for Defendant
THE KRAFT HEINZ FOODS COMPANY

---

[4] Indeed, Alaei appears to include a copy of her sur-reply as an attachment in order to present her arguments to the Court regardless of whether leave is granted.

[5] Alaei's proposed sur-reply also exceeds the scope of analytical treatment given by Kraft. Notably, the proposed sur-reply is 10 pages long, despite only a handful of allegedly "new" arguments and evidence that take up a mere fraction of Kraft's Reply. For example, Kraft spent a mere 14 lines discussing *Benson* and *Colgan*. (Reply at 3:27–4:5; 4:15–21.) Yet Alaei proposes to submit a robust 4 pages of briefing in these cases. (App. Ex. A at 3:1–6:28.)