# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE ALAEI, <br><br> Plaintiff, <br><br> v. <br><br> KRAFT HEINZ FOOD COMPANY, <br><br> Defendant. | Case No.: 15cv2961-MMA (DHB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Doc. No. 13] |

Plaintiff Suzanne Alaei brings this purported class action against Defendant Kraft Heinz Food Company ("Heinz") alleging violations of California Business and Professions Code sections 17533.7 and 17200, and California's Consumers Legal Remedies Act. *See* Doc. No. 6. Heinz moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). *See* Doc. No. 13. Plaintiff filed an opposition, to which Heinz replied. *See* Doc. Nos. 16, 18. The Court took the matter under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1.[1] *See* Doc. No. 19. For the reasons set forth below, the **GRANTS** Heinz's motion to dismiss.

---

[1] Plaintiff has filed an ex parte motion seeking leave to file a sur-reply, which Heinz opposes. *See* Doc. Nos. 20, 21. The Court **GRANTS** Plaintiff's ex parte motion.

## BACKGROUND[2]

Plaintiff alleges that Heinz falsely labels its products as being manufactured in the United States.  According to Plaintiff, the products include ingredients of foreign origin.  For example, Plaintiff claims that some offending products contain turmeric, tamarind extract, and jalapenos, ingredients which do not originate from the United States.  As such, Plaintiff claims that Heinz may not lawfully represent that its products are manufactured in the United States.  Plaintiff seeks to represent a class of consumers who have purchased a variety of offending Heinz products.  Plaintiff herself bought a bottle of Heinz 57 Sauce in November 2015 at a store in Fallbrook, California.  She purchased the sauce for $6.29.  Plaintiff alleges that Heinz's products, including the bottle of sauce she purchased, contain inferior foreign ingredients, and are not worth the purchase price.  Plaintiff claims she would not have bought the sauce if she knew that it was not actually manufactured in the United States.

Based on these allegations, Plaintiff seeks to represent the following consumer class:

> All persons within California who purchased one or more of Defendants' consumable consumer packaged good products regardless of brand under which Defendants marketed the product, that were advertised with "MFD. In U.S.A." (or some derivative thereof), that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

*FAC* ¶ 36.  Plaintiff brings three causes of action against Heinz under various California consumer protection laws, including the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, which makes it unlawful to use "deceptive representations or

---

[2] Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in Plaintiff's complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

designations of geographic origin in connection with goods or services," or to advertise "goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(4),(9). Heinz moves to dismiss Plaintiff's claims based on lack of standing, failure to plead fraud with the requisite particularity, and general implausibility under the standards set forth in the Federal Rules of Civil Procedure.

### REQUESTS FOR JUDICIAL NOTICE

Both parties have requested that the Court take judicial notice of documents extrinsic to Plaintiff's complaint. A court may take judicial notice of documents attached to or incorporated by reference into a complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiff seeks judicial notice of "a true and correct copy of the webpage located at http://www.kraftheinzcompany.com" and "a true and correct copy of the webpage located at http://www.sec.gov/Archives/edgar/data/1545158/000119312515104004/d8 95300dex991.htm." The Court **DENIES** Plaintiff's request as to both documents as inappropriate under Federal Rule of Evidence 201.

Heinz requests judicial notice of a label from a bottle of Heinz 57 Sauce. Plaintiff opposes the request, and disputes that the proffered label is the same label that appeared on the bottle of Heinz 57 Sauce she purchased. The Court **DENIES** Heinz's request, as judicial notice is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (the "district court may, but is not required to incorporate documents by reference.").

# DISCUSSION

Plaintiff's allegations do not pass muster under the requisite pleading standards. Generally, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And while a complaint need not contain detailed factual allegations to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims in this case are "'grounded in fraud,' and Rule 9(b) applies to the whole of [her] complaint." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 967 (S.D. Cal. 2014) ("Rule 9(b)'s heightened pleading standards apply equally to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud.").

Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A sufficiently particular allegation of fraud must include the "who, what, when, where and how" of the circumstances giving rise to the claim.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  The purpose of this heightened pleading requirement is to ensure that defendants accused of fraudulent conduct have adequate notice of the allegations so that they might defend against them.  *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1305 (S.D. Cal. 2003).

Here, Plaintiff provides almost no detail in her complaint regarding Heinz's alleged misrepresentations.  With respect to the product she purchased, Plaintiff generally alleges as follows:

> In November of 2015, Plaintiff purchased Defendant's Heinz 57 Sauce (the "Product") from an Albertsons grocery store located on 1133 Mission Road in Fallbrook, California. At the time of Plaintiff's purchase, the offending Product was described as manufactured in the U.S.A., when the Product actually was made and/or contained components made outside of the United States. As such, Defendant is not entitled to lawfully make representations that the Product was "MFD. In U.S.A."

*FAC* ¶ 23.  Even assuming that this single paragraph satisfies the "who", "what", "where", and "when" requirements, it does not adequately explain the "how."  Although Plaintiff's allegation is unclear, she appears to take issue with the origin of the product's ingredients, rather than the location where the product is made.  But Plaintiff does not specify which "components" of the product were purportedly "made outside of the United States."  As its name suggests, Heinz 57 Sauce may contain dozens of ingredients.  Yet, Plaintiff does not allege a single specific ingredient in the sauce to be of foreign origin.  In fact, Plaintiff does not allege any of the ingredients of Heinz 57 Sauce.  Plaintiff claims that "Defendants' products contain various amounts of turmeric, tamarind extract, and jalapenos," which, "among other ingredients in Defendants' products, are not from the United States."  *Id*. ¶ 31.  However, Plaintiff does not allege that Heinz 57 Sauce, the only product's label by which she purports to have been deceived, contains any of those ingredients, nor does she allege the ingredients' country of origin.

Simply put, Plaintiff claims to have bought a bottle of sauce labeled as "MFD. In USA" that may have contained foreign ingredients, or may have been made somewhere besides the United States.  This is not sufficient to state a fraud-based claim under Rule 9(b)'s standard.  As such, Plaintiff's claims are subject to dismissal under Rule 12(b)(6).

In addition, Plaintiff lacks standing to assert claims as to products she did not purchase and advertising she did not see, unless those products are sufficiently similar to Heinz 57 Sauce.  *See Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) ("If there is a sufficient similarity between the products, any concerns regarding material differences in the products can be addressed at the class certification stage.").  Plaintiff does not provide any detail regarding, much less identify, the other offending products to which she refers in her complaint.  Plaintiff "may have standing to assert claims for unnamed class members based on products . . . she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Cortina v. Goya Foods, Inc*., 2015 WL 1411336, at *18 (S.D. Cal. Mar. 19, 2015) (quoting *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (noting where

composition of the product is less important, "cases turn on whether the alleged misrepresentations are sufficiently similar across product lines")). However, the Court cannot determine whether the unpurchased products are sufficiently similar to Heinz 57 Sauce to confer standing upon Plaintiff to seek class-wide relief for "[a]ll persons within California who purchased one or more of Defendants' consumable consumer packaged good products . . . ." *FAC* ¶ 36. Without standing, Plaintiff's class claims are subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Plaintiff's CLRA claim also fails based on her conceded non-compliance with the CLRA's affidavit requirement. *See* Cal. Civ. Code § 1780(d) ("[C]oncurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice."). Plaintiff's claims for injunctive and declaratory relief are derivative of her substantive consumer protection claims. As such, these claims are also subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Heinz's motion to dismiss and **DISMISSES** Plaintiff's First Amended Complaint in its entirety. Dismissal is without prejudice and with leave to amend. *See Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (holding that "leave shall be freely given when justice so requires.") (citing Fed. R. Civ. P. 15). Plaintiff may file a Second Amended complaint that cures the deficiencies addressed herein on or before **May 13, 2016**.

**IT IS SO ORDERED**.

DATE: April 22, 2016

HON. MICHAEL M. ANELLO
United States District Judge