**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL
ON SIGNATURE PAGE]

*Attorneys for Plaintiff,*
Suzanne Alaei

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANNE ALAEI, Individually And On Behalf Of All Others Similarly Situated, | **Case No.:**  3:15-cv-02961-MMA-DHB |
| Plaintiff, | **CLASS ACTION** |
| v. | **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| THE KRAFT HEINZ FOODS COMPANY, | 1) **BUSINESS & PROFESSIONS CODE § 17533.7 (CALIFORNIA FALSE "MADE IN U.S.A." CLAIM);** |
| Defendant. | 2) **BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. (CALIFORNIA UNFAIR COMPETITION LAW); AND,** |
| | 3) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE § 1750 ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

SECOND AMENDED COMPLAINT

### INTRODUCTION

1. SUZANNE ALAEI (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of THE KRAFT HEINZ FOODS COMPANY (collectively "Kraft Heinz" and/or "Defendant") in unlawfully labeling Kraft Heinz's consumable consumer packaged goods with the false designation and representation that they are "MFD. In U.S.A." when the products contain ingredients that were produced outside of the United States of America.

2. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3. Under Cal. Bus. & Prof. Code § 17553.7,[1] it is unlawful for:

> any person, firm, corporation, or association to sell or offer for sale in this state any merchandise on which merchandise or on its container there appears the words 'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words if the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

4. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in

---

[1] Based on the version of the statute that was in effect in the year 2015 when the alleged violation occurred.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

U.S.A." label matters.  A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interest of the United States and its industries and workers…" (emphasis added).

5. Defendant's "MFD. In U.S.A." claim is prominently printed on the label of Defendant's consumable product purchased by Plaintiff.

6. Contrary to Defendant's representation and in violation of Cal. Bus. & Prof. Code § 17533.7, Defendant's Heinz 57 Sauce (the "Product") purchased by Plaintiff contains ingredients that were produced outside of the United States of America, including but not limited to the following ingredients: turmeric, tomato puree and mustard flour.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Kraft Heinz:

> (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district and the County of San Diego, California;

> (b)    does substantial business within this district and the County of San Diego, California;

> (c)    is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

> (d)    the harm to Plaintiff occurred within this district and within the County of San Diego, California.

## PARTIES

9.  Plaintiff is an individual residing in the County of San Diego, State of California.

10. Kraft Heinz is a corporation that is organized and exists under the laws of the State of Pennsylvania, with a principal place of business in the State of Pennsylvania.

11. Kraft Heinz claims on its website that Kraft Heinz provides high quality, great taste and nutrition for all eating occasions whether at home, in restaurants on the go.

12. Following a merger in 2015, Kraft Heinz became the world's fifth-largest food company by sales.

13. Kraft Heinz's annual revenue is in the several billions of dollars.

14. Kraft Heinz is an American conglomerate that manufactures and/or distributes various products, including several consumable consumer packaged goods such as sauces and condiments. Kraft Heinz conducts business through Internet sales and enjoys wide retail distribution at numerous stores within the United States.

---

SECOND AMENDED COMPLAINT

15. On Defendant's website, located at http://www.kraftheinzcompany.com/, accessed on December 23, 2015, Defendant claims: "The Kraft Heinz Company is the third-largest food and beverage company in North America and the fifth-largest food and beverage company in the world, with eight $1 billion+ brands."

16. On Defendant's website, located at http://www.kraftheinzcompany.com, accessed on April 25, 2016, Defendant claims: "The Kraft Heinz Company has an unparalleled portfolio of more than 200 powerful and iconic brands."

17. One of the consumable products sold by Kraft Heinz is the Product purchased by Plaintiff.

18. The mislabeled Product and the two Substantially Similar Products (as identified below in ¶ 53) are available at numerous stores within the United States, including the State of California.

### FACTUAL ALLEGATIONS

19. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

20. Kraft Heinz manufactures, markets and/or sells various consumable consumer packaged goods such as sauces and condiments that have been and are currently still represented as "MFD. In U.S.A. By Heinz North America" Kraft Heinz makes such representation on the consumable products themselves, including the Product purchased by Plaintiff and the two Substantially Similar Products that were not purchased by Plaintiff.[2]

21. Contrary to the representation on the products' labels, Defendant's products are wholly and/or substantially manufactured or produced with components

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[2] Plaintiff seeks to represent a class of persons that purchased Heinz 57 Sauce, Heinz 57 Steak Sauce or Heinz 57 Sauce with Honey.

that are manufactured, grown and/or produced outside of the United States of America.

22. The Product purchased by Plaintiff contains the following ingredients according to its product label, listed in order: Tomato Puree (Tomato Paste, Water), High Fructose Corn Syrup, White Distilled Vinegar, Malt Vinegar, Salt, Contains 2% or Less of: Raisin Concentrate, Mustard Flour, Soybean Oil, Turmeric, Spices, Apple Puree, Xanthan Gum, Sodium Benzoate and Potassium Sorbate (Preservatives), Caramel Color, Garlic Power, Onion Power, Natural Flavors.

23. Based upon information and belief, the offending Product purchased by Plaintiff contains ingredients foreign to the United States of America, including but not limited to turmeric, tomato puree and mustard flour.

24. Based upon information and belief, the offending Product purchased by Plaintiff, and presumably all of Defendant's products that are substantially similar and contain foreign ingredients, are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "MFD. In U.S.A." representations.

25. Kraft Heinz marketed, and continue to market, and represent to the general public via its products' labels that Defendant's products are "MFD. In U.S.A." As such, Defendant fraudulently concealed, and continue to conceal, the material facts at issue in this matter by misrepresenting to the general public the true source of the component parts in the offending Product two Substantially Similar Products. Kraft Heinz possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

26. Consumers are particularly vulnerable to these deceptive and fraudulent practices.  Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the United States are in fact manufactured in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods, produced under American standards and laws, while supporting American companies and American jobs.

27. Consumers generally believe that "MFD. In U.S.A." products are of higher quality than their foreign-manufactured counterparts and that they are produced under higher standards, including, but not limited to, higher environmental and labor laws. Due to Kraft Heinz's scheme to defraud the market, members of the general public were fraudulently induced to purchase Kraft Heinz's products at inflated prices.

28. On information and belief, Defendant charged excess monies for the Product and two Substantially Similar Products, including the Product purchased by Plaintiff, in comparison to Defendant's competitors during the entirety of the relevant four-year statutory time period, based on the false "MFD. In U.S.A." designation (or some derivative thereof). California laws are designed to protect consumers from such false representations and predatory conduct. Defendant's scheme to defraud consumers for its own self-interest and monetary gain is ongoing and will victimize consumers daily for the foreseeable future unless altered by judicial intervention.

29. In November of 2015, Plaintiff purchased Defendant's Heinz 57 Sauce from an Albertsons grocery store located on 1133 Mission Road in Fallbrook, California.

30. At the time of Plaintiff's purchase of the Product, the Product included on the product label the advertising claim "MFD. In U.S.A.," when the Product actually was made and/or contained ingredients that were produced outside

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

of the United States of America, including but not limited to the ingredients turmeric, tomato puree and mustard flour.[3]

31. Plaintiff paid $6.29 for the Product.

32. In making the decision to purchase Defendant's Product, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Kraft Heinz and its agents and disseminated through its Class Products' packaging containing the misrepresentations alleged herein. Had Plaintiff been made aware that the Product contained ingredients that were produced outside of the United States of America, Plaintiff would not have purchased the Product.

33. Plaintiff often purchases consumable products, including sauces.

34. Plaintiff suffered an "injury in fact" because Kraft Heinz took Plaintiff's money as a result of Kraft Heinz's false "MFD. In U.S.A" designation set forth on the Product, for under Cal. Bus. & Prof. Code § 17533.7, Defendant is not permitted to make the claim "'Made in U.S.A.,' 'Made in America,' 'U.S.A.,' or similar words," (Cal. Bus. & Prof. Code § 17533.7), which includes *MFD. In U.S.A*, if any of the components (or in this case ingredients in the products) have "been entirely or substantially made, manufactured, or produced outside of the United States" (*see id.*).

35. In each case when Plaintiff and putative Class members purchased the Product or the Substantially Similar Products, they relied upon Kraft Heinz's "MFD. In U.S.A." representation  (or some derivative thereof) in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendant's actions. Plaintiff believed at the time she purchased the Product that she was

---

[3] Thus, Defendant was not entitled to lawfully make representations that the Product was "MFD. In U.S.A."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

purchasing a superior quality product, supporting U.S. jobs and the U.S. economy, and also supporting ethical working conditions.

36. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards.  Foreign made component parts are not subject to the same U.S. standards and as a result can be potentially much more dangerous to consumers, especially when ingested like Defendant's consumable products. Further, foreign made component parts are also generally of lower quality than their U.S. made counterparts, and routinely less reliable and less durable than their U.S. made counterparts.

37. Consequently, Defendant's Product and Substantially Similar Products containing the foreign ingredients (such as but not limited to the ingredients Turmeric and Tomato Puree, which do not come from the United States of America), including the Product purchased by Plaintiff, are of inferior quality, potentially more dangerous and less reliable, as Defendant falsely represented that these products are "MFD. In U.S.A." This results in lower overall customer satisfaction than if the products were truly "MFD. In U.S.A." and/or consisting of ingredients made or produced in the United States of America.

38. On information and belief, Defendant's products containing the foreign ingredients, including the Product purchased by Plaintiff, are not worth the purchase price paid by Plaintiff and putative Class members.  The precise amount of damages will be proven at the time of trial, in large part, by expert testimony.

39. Turmeric is a spice that is native to India and is not produced in the United States of America. Turmeric is also known as "Indian saffron."

40. According to the Food and Agricultural Organization of the United Nations, in their report entitled TURMERIC: Post-Production Management, prepared

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

by Anne Plotto and last reviewed on April 22, 2014 (accessed at http://www.fao.org/3/a-ax446e.pdf on April 25, 2016), as it concerns turmeric, "Europe and North America ... are supplied by India and Central and Latin American countries," and "The United States imports of turmeric come from India at 97%, and the rest is supplied by the islands of the Pacific, and Thailand."

41. Upon information and belief, companies within the United States of America, such as Defendant, often source from other countries some of the tomato puree to be used in consumable products.

42. According to Defendant's own website, located at http://www.heinz.com/sustainability/supplychain/heinzseed.aspx, and last accessed on April 25, 2016, Defendant states:

> Our agricultural team has travelled the world to identify and educate qualified growers who want to cultivate Heinz tomatoes in a responsible and profitable manner. Heinz has supplied 4.6 billion hybrid tomato seeds each year to our farmers and processing partners in more than 30 countries, including the United States, Canada, China, Southeast Asia, India, Spain, Portugal, the Middle East, Africa, Caribbean nations and Latin America.

> More than 30% of the world's processed tomatoes are grown using Heinz® seeds. In developing nations, HeinzSeed has helped farmers to improve their quality of life while conserving water and reducing over-reliance on chemical pesticides and fertilizers. Thanks to HeinzSeed, farmers have produced higher yields of quality tomatoes without genetic modification. Heinz also has systems in place to trace each tomato that is grown from Heinz seed, from field to fork.

43. Upon information and belief, at least a portion of the tomato puree used by Defendant in Heinz 57 Sauce was produced outside of the United States of America, including but not limited to Mexico.

44. Upon information and belief, companies within the United States of America, such as Defendant, often source from Nepal, Canada or India some of the mustard or mustard flour to be used in consumable products.

45. According to the Agricultural Marketing Resource Center, in an article last reviewed in April of 2013 (located at www.agmrc.org/commodities-products/grains-oilseeds/mustard/, accessed on April 25, 2016), mustard is native to temperate regions of Europe, and mustard is often supplied to the United States from Europe and Asia. Mustard is also grown within the United States.

46. On Defendant's website, located at http://www.heinz.com/sustainability/supplychain/guiding-principles.aspx, accessed on April 25, 2016, Defendant acknowledges generally that it works with at least some international suppliers, stating: "One critical strategy to ensure the safety of our products is Heinz's requirement that our domestic and international suppliers, co-packers and joint venture partners agree to comply with our Supplier Guiding Principles. These principles apply to all our suppliers and include complying with local labor and environmental laws to protect the health and safety of workers as well as the Earth. We seek suppliers' compliance with these principles through contractual provisions and track their acceptance in proprietary software."

47. On Defendant's website, located at http://www.heinz.com/sustainability/supplychain/packaging.aspx, accessed on April 25, 2016, Defendant acknowledges generally that it has facilities worldwide that manufacture and produce some of its products, stating: "Our facilities worldwide have been seeking ways to manufacture and package

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

products more efficiently, and Heinz has been working with our suppliers to develop packaging solutions that generate less waste."

48. Plaintiff and Class members were injured as a result of Kraft Heinz's false "MFD. In U.S.A." representations that are at issue in this matter, for the products at issue contain one or more ingredients that were produced outside of the United States of America.

49. As of the filing of this Second Amended Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which demand letter was mailed to Defendant on December 11, 2015 via United States Postal Service return receipt requested. This demand letter is attached hereto as **Exhibit A**.

### CLASS ACTION ALLEGATIONS

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

51. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant and each of them, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(2) and 23(b)(3).

52. Plaintiff represents, and is a member of the California Class ("the Class") consisting of:

> All persons within California who purchased Heinz 57 Sauce, Heinz 57 Steak Sauce or Heinz 57 Sauce with Honey where Defendant advertised on the label of such product/s that the product/s was/were "MFD. In U.S.A." but contained one or more ingredients produced outside of the United States of America, within the four years prior to the filing of the Complaint.

53. The "Class Period" means four years prior to the filing of the Complaint in this action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

54. Kraft Heinz's products that are substantially similar to the Product purchased by Plaintiff include Heinz 57 Steak Sauce and Heinz 57 Sauce with Honey (the "Substantially Similar Products").

55. The product labels on both the Heinz 57 Steak Sauce and Heinz 57 Sauce with Honey Sauce is the claim that the products are "MFD. In U.S.A", yet both products contain Turmeric, which, as alleged above, is an ingredient foreign to the United States of America and is produced outside of the United States of America.

56. According to the product label on Heinz 57 Steak Sauce, the sauce contains the following ingredients, listed in order: Tomato Puree, High Fructose Corn Syrup, Malt Vinegar, Lea & Perrins Worcestershire Sauce (Distilled White Vinegar, Molasses, Water, Sugar, Salt, Onions, Anchovies, Garlic, Cloves, Tamarind Extract, Natural Flavorings, Chili Pepper Extract), White Distilled Vinegar, Salt, Contains 2% Or Less Of: Raisin Concentrate, Mustard Flour, Caramel Color, Soybean Oil, Turmeric, Spices, Apple Puree, Xanthan Gum, Sodium Benzoate and Potassium Sorbate (Preservatives), Garlic Power, Onion Power, Natural Flavors, Water. Contains Fish (Anchovies).

57. According to the product label on Heinz 57 Sauce with Honey, the sauce contains the following ingredients, listed in order: Tomato Puree (Tomato Paste, Water), Distilled White Vinegar, High Fructose Corn Syrup, Honey, Brown Sugar, Malt Vinegar, Molasses, Salt, Raisin Concentrate, Apple Paste, Spices, Soybean Oil, Mustard Flour, Guar Gum, Garlic Powder, Onion Powder, Turmeric, Potassium Sorbate And Sodium Benzoate As Preservatives, Natural And Artificial Flavors, Citric Acid, Sugar. Contains Soybeans.

58. Kraft Heinz is aware that the Product and Substantially Similar Products advertise "MFD. In U.S.A" (or the equivalent) but contain ingredients produced outside of the United States of America.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

59. ***Ascertainability.*** Kraft Heinz and its employees and/or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the State of California. Because of the nature of Defendant's products, Defendant and Defendant's distributors must keep detailed and accurate records of distribution in order to accurately and effectively execute a recall if so ordered by the Food and Drug Administration or any other organization. Therefore, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding retail and online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

60. ***Numerosity***. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for the aforementioned Class because the members of the Class are so numerous and geographically disbursed that joinder of all Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

61. ***Existence and Predominance of Common Questions of Law and Fact***. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members, satisfying the requirement of Fed. R. Civ. P., Rule 23(a)(2), including, but not limited to, the following:

   a. Whether Defendants committed the wrongful conduct alleged herein;

   b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

c. Whether the Product and Substantially Similar Products contain ingredients that are foreign to the United States of America, such as turmeric;

d. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages;

e. Whether the Class Products contain the same of substantially similar false representations and contain ingredients that are foreign to the United States of America; and,

f. Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

62. ***Typicality***. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims.  Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

63. ***Adequacy of Representation***. As a person who purchased one or more of Defendant's products, that were advertised with "MFD. In U.S.A." (or some derivative thereof), but contain foreign-made ingredients and/or composed of foreign-made component parts, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

64. ***Superiority***. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Kraft Heinz to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Kraft Heinz is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability. Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

65. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

66. Plaintiff and members of the putative Class have suffered "injury in fact" and have lost money or property as a result of Defendants' unfair competition, as more fully set forth herein. Plaintiff and members of the putative Class have been injured as they relied on Defendants' intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for the Product and Substantially Similar Products. Plaintiff and members of the Class have been injured, as had they been made aware that the product was not actually "MFD. In U.S.A.," they would not have

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

purchased the product. In other words, Plaintiff and members of the Class would not have purchased Defendant's Class Products, but for the "MFD. In U.S.A." representations (or some derivative thereof) on Defendant's products' labels.

67. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a representative class action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could not afford to seek legal redress for the wrongs complained of herein. Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Thus, the proposed Class satisfy the requirements of Fed. R. Civ. P., Rule 23(b)(1).

68. Kraft Heinz has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate. Thus, certification is proper under Fed. R. Civ. P. Rule 23(b)(2).

69. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions

presented in this action.   Thus, the predominance requirement of Fed. R. Civ. P. Rule 23(b)(3) is satisfied.

70. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Kraft Heinz to comply with California law.  The interest of Class members in individually controlling the prosecution of separate claims against Kraft Heinz is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability.  Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

### FIRST CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17533.7

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

72. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

73. Kraft Heinz violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "MFD. In U.S.A." claim, such as Heinz 57 Sauce, Heinz 57 Steak Sauce, and Heinz 57 Sauce with Honey. These products at issue in this matter are wholly and/or substantially manufactured outside of the United States and/or contain ingredients that are manufactured outside of the United States in violation of California law.

74. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

75. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Kraft Heinz as a result of Kraft Heinz' false "MFD. In U.S.A." representations set forth on their products, for the ingredient turmeric in the Product and the two Substantially Similar Products is sourced from outside of the United States of America.

76. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the false "MFD. In U.S.A." representation set forth on the Product and Substantially Similar Products.

77. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

78. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

79. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

80. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

81. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200 et seq.

### A. "Unlawful" Prong

82. Beginning at a date currently unknown through the time of this Second Amended Complaint, Kraft Heinz has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Kraft Heinz's products with a false "MFD. In U.S.A." claims, in violation of Bus. & Prof. Code §

17533.7 and Bus. & Prof. Code § 17500 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Kraft Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States, such as turmeric and mustard flour.

## B. "Unfair" Prong

83. Beginning at a date currently unknown and continuing up through the time of this Second Amended Complaint, Kraft Heinz has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Kraft Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging in conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Kraft Heinz's products with a false country of origin designation, in violation of Bus. & Prof. Code § 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Kraft Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States, such as turmeric and mustard flour.

84. Alternatively, Kraft Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Kraft Heinz's products with a false country of origin designation, in violation of Bus. & Prof. Code § 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Kraft Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

85. Alternatively, Kraft Heinz engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Kraft Heinz's products with a false country of origin designation, in violation Bus. & Prof. Code § 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A.;" wherein when the products contain turmeric from outside of the United States of America: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

## C. "Fraudulent" Prong

86. Beginning at a date currently unknown and continuing up through the time of this Second Amended Complaint, Kraft Heinz engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq., by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, in violation of Bus. & Prof. Code § 17533.7 by falsely representing that the products referenced herein are "MFD. In U.S.A." when Kraft Heinz's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States, such as turmeric and mustard flour.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

87. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

### D.  *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

88. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products are "MFD. In U.S.A." and that therefore they are of superior quality and workmanship, and that they were produced according to U.S. standards and laws when in fact they are not entirely "MFD. In U.S.A."

89. Plaintiff, a reasonable consumer, and the public would be likely to be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products were actually entirely manufactured by Defendant in the USA.

90. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

91. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

92. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code §§ 17200, *et seq*.  Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

93. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

94. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent "MFD. In U.S.A." representations when Defendant's Class Products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States, such as turmeric.

95. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "MFD. In U.S.A." representations set forth on the Defendant's Product and Substantially Similar Products.

96. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE SECTION 1750, ET SEQ.

97. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

98. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is

expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

99. Defendant's products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

100. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

101. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

102. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> [m]isrepresenting the source, sponsorship, approval, or certification of goods or services,
> [u]sing deceptive representations or designations of geographic origin in connection with goods or services,
> [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have ….,
> [r]epresenting that goods or services are of a particular standard, quality, or grade… if they are of another, [and]
> [a]dvertising goods or services with intent not to sell them as advertised."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

103. Defendant violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its products are "Made In The USA" (or some derivative thereof) when they actually contain foreign-made or manufactured ingredients, such as turmeric, tomato puree and mustard flour.

104. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit.

105. On information and belief, Defendant committed these acts knowing the harm that would result to Plaintiff, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

106. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "MFD. In The USA" representations set forth on Defendant's actual products.

107. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

108. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

109. Plaintiff served a letter pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1782 on Defendant and its agent for service on or about December 11, 2015.

110. As of the date of the filing of this Second Amended Complaint, Defendant has not complied with Plaintiff's demands outlined in the letter to Defendant (*see* ¶ 36 above).

111. Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of Suzanne Alaei signed on April 9, 2016, which is submitted pursuant to Cal. Civ. Code §1780(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;
- That the Court certify Plaintiff to serve as the Class representative in this matter;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 1780 and Cal. Civ. Code § 3294; and,
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

//
//
//
//
//
//

**TRIAL BY JURY**

112. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.

Dated: May 12, 2016                    Respectfully submitted,

                                       **KAZEROUNI LAW GROUP, APC**

                                       By: ___/s/ ABBAS KAZEROUNIAN_____
                                            ABBAS KAZEROUNIAN, ESQ.
                                            ATTORNEYS FOR PLAINTIFF

ADDITIONAL PLAINTIFF'S COUNSEL

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626